350 So.2d 96 (1977)
C.D. SEALE, Appellant,
v.
Lottie Jean SEALE, Appellee.
No. EE-274.
District Court of Appeal of Florida, First District.
September 12, 1977.
Rehearing Denied October 17, 1977.
*97 C.D. Seale, Tom R. Hayward, Tallahassee, for appellant.
Alton O. Paulk of Syfrett, Hutto & Paulk, Panama City, for appellee.
ERVIN, Judge.
The former husband appeals a supplemental final judgment in which the court awarded the wife as lump sum alimony a one-half interest in the real property owned by the husband. We affirm.
The parties were married 22 years prior to the commencement of the dissolution of marriage proceedings; although the husband had moved from the marital home nearly three years before they were filed. The major assets of the parties are the marital home located upon two lots and four other contiguous lots. The properties were formerly held in the joint names of the parties, however when the parties separated the property was conveyed to the husband by the wife. The husband admitted he paid his wife nothing in cash or property in exchange for the deed. On September 3, 1976, the court entered final judgment of dissolution, dissolving the marriage between the parties. The court reserved jurisdiction to resolve the remaining issues of lump sum alimony, property division and child custody. Prior to the entry of the supplemental final judgment, the wife remarried. The supplemental final judgment, entered November 30, 1976, awarded permanent custody of two minor children, Carolyn Revonda Seale and Donald Robert Seale, to the wife. The husband, now permanently disabled, was awarded the temporary use and exclusive possession of the marital home for the duration of his disability and as long as he required the use of the home as a place of residence. Subject to the right of possession and occupancy awarded to the husband, the wife was awarded an undivided one-half interest in all the real property in the husband's name as lump sum alimony.
Appellant's main thrust on appeal is that the court erred in awarding lump sum alimony to the wife after she had remarried, arguing that alimony ceases to be an obligation of the former husband upon the former wife's remarriage, citing Carlton v. Carlton, 87 Fla. 460, 100 So. 745 (1924). Carlton, however, applies only to the award of periodic alimony. Lump sum alimony does not terminate upon remarriage. Keller v. Belcher, 256 So.2d 561 (Fla. 3rd DCA 1971), cert. denied 280 So.2d 682 (Fla. 1972).[1]
*98 Here the wife had remarried and presumably her individual needs would be legally provided by the second spouse. The remarriage, however, did not terminate the former husband's obligation to support the children born of the marriage. That obligation continued notwithstanding the wife's remarriage, and there is no evidence before us of the later husband's desire to adopt the children whom Mrs. Seale was granted permanent custody. Had Mr. Seale any income with which to support the children, the award of a one-half interest in the real property to the wife might well have been an abuse of the court's discretion. Yet we are presented with a situation in which the husband is totally disabled, dependent on social security, with no other assets which can be used to care for the children's needs, although they do receive social security benefits for their care as a result of the father's disability.
The principal issues to be determined in the award of alimony, regardless of its characterization, are the need of the spouse seeking alimony and the ability of the other spouse to pay. Sisson v. Sisson, 336 So.2d 1129 (Fla. 1976). The needs of the wife to care for her children are apparent and the only ability which the husband has to provide for those needs is by conveying to the wife as lump sum alimony the real estate owned by the husband in his sole name.
Finally we note that Section 61.08(2), Florida Statutes (1975), provides:
"In determining a proper award of alimony, the court may consider any factor necessary to do equity and justice between the parties."
Certainly the consideration by the court that it had granted custody of the minor children to the wife was a factor in its determining the proper award of alimony to her.
It cannot be seriously questioned that the trial judge in a marriage dissolution proceeding has the power to reserve jurisdiction for the purpose of settling property rights after entering the decree of dissolution. Galbut v. Garfinkl, 340 So.2d 470 (Fla. 1976); Hyman v. Hyman, 310 So.2d 378 (Fla. 2nd DCA 1975), cert. dis. 329 So.2d 299 (Fla. 1976); Kipnes v. Kipnes, 330 So.2d 67 (Fla. 3rd DCA 1976); Becker v. King, 307 So.2d 855 (Fla. 4th DCA 1975), cert. dis. 317 So.2d 76 (Fla. 1975). In Hyman v. Hyman, supra, the court stated that a trial court may enter an interlocutory order granting dissolution of marriage and at the same time reserve jurisdiction to later determine property rights. On petition for rehearing, the court made the following observation:
"We believe that when circumstances warrant the trial court may exercise its discretion in entering an interlocutory dissolution and reserving jurisdiction to later determine property rights. Doing so may create problems requiring further judicial determination, but this is no ground for holding that jurisdiction does not exist. We believe the good to be accomplished outweighs any uncertainty created." 310 So.2d at 380.
A trial court may also reserve jurisdiction over matters other than those pertaining to property rights. In Klarish v. Klarish, 296 So.2d 497 (Fla. 3rd DCA 1974), the court observed that it is proper for the trial court to enter a judgment dissolving marriage and to reserve jurisdiction to determine issues such as alimony, child custody and support pending further investigation.
We have examined the other points urged by appellant and found them to be without merit.
AFFIRMED.
MILLS, Acting C.J. and SMITH, J., concur.
NOTES
[1] If the court in the case below had awarded lump sum alimony payable in installments, as opposed to a specific sum to be paid in full, the result might be different. See Morris v. Morris, 272 So.2d 202 (Fla. 2nd DCA 1973).