CHARLES CARROLL, Associate Judge.
The appellant, who was the respondent below in a proceeding for dissolution of marriage, appeals from an order denying his motion for partial summary judgment.
The determinative question presented by this appeal is whether, after a dissolution of marriage judgment which reserved jurisdiction to determine issues relating to alimony, custody, child support, and property rights, the court initially can make an award of alimony to the wife after she has remarried. By the order appealed from the trial court concluded that was permissible. We hold that ruling was error, and reverse on the authority of Carlton v. Carlton, 87 Fla. 460, 100 So. 745 (1924). See, apparently contra, Seale v. Seale, 350 So.2d 96 (Fla. 1st DCA 1977).
The appellant, Edward N. Claughton, Jr., herein referred to as the husband, and Beverly A. Claughton, herein referred to as the wife, were married on December 22, 1951. They separated in September of 1975, and in February of 1976 the wife petitioned for dissolution of the marriage.
A temporary support order was entered, requiring the husband to pay $2,500.00 per month to the wife “until further order of the court” as “alimony and support for herself and the minor children”, and requiring the husband to pay mortgage payments, taxes and insurance on the marital home owned by the parties as tenants by the entirety and to pay a certain amount as temporary attorney’s fee.
The husband made the ordered temporary support payments prior to the judgment of dissolution, and thereafter continued to make such payments until the wife married one William T. Mixson, a doctor. The remarriage of the wife on July 1, 1977 ocr curred before any hearing was held on the issues relating to alimony and prior to any permanent alimony having been granted.
On behalf of the husband his attorney wrote to the attorney for the wife, on July 5, 1977, stating that because of the remarriage of the wife the husband no longer was *754 obligated to pay the temporary alimony, and that the wife would be expected to pay one-half of the home mortgage payments. The letter enclosed a payment by the husband for child support for a stated period and an amount for mortgage payment. The wife’s attorney answered by letter, requesting authority for the wife to accept such payments without'prejudice, and contending therein that notwithstanding remarriage of the wife the husband remained obligated to pay temporary alimony and that the wife would be entitled to receive “lump sum alimony” as and when the court should make a determination and allowance thereof. The husband’s attorney replied, authorizing acceptance of such payments without prejudice, and stating the letter he received had been forwarded to the husband who was out of the city temporarily.
Shortly thereafter, the wife filed a motion seeking to have the husband cited for contempt for failure to pay temporary alimony. Her motion attached copies of above-mentioned letters which had been exchanged between the attorneys; recited that she had remarried on July 1,1977; and alleged she was entitled to continue to receive temporary alimony and that the issues as to her rights to alimony and property rights had not yet been determined by the court.
The husband filed a response to the motion for contempt, contending he was not obligated to continue paying temporary alimony after remarriage of the wife and that he was not required to pay more than one-half of the mortgage payments on the residence equally owned by the parties, and praying for entry of an order consistent with those contentions. Thereafter the husband filed his motion seeking entry of a summary judgment holding him to be relieved of obligation for alimony. Therein he alleged that in petitioning for dissolution of marriage the wife had sought permanent alimony; that the judgment of dissolution had reserved jurisdiction to resolve certain matters including alimony; that the wife had remarried on July 1, 1977, and was being supported by her new husband who, with her, was residing in the residence owned by the parties; and seeking summary judgment that because of her remarriage, as a matter of law, the wife was not entitled thereafter to an award of alimony. Opposed to the husband’s motion for summary judgment, was the wife’s contention in her reply thereto and in her contempt motion that notwithstanding her remarriage she was entitled to subsequent award of “lump sum alimony”. After hearing thereon, the husband’s motion for such partial summary judgment was denied, and he appealed.
Necessarily inherent in the denial of the husband’s motion was a holding by the trial court that although the wife had remarried it would be proper to make an award of alimony to her. That ruling was contrary to the law that alimony may not be awarded to a wife after she remarries following divorce, as recognized and pronounced in Carlton v. Carlton, supra.
This case does not involve a situation where incident to a dissolution of marriage a wife who has been awarded alimony which is ordered to be paid in lump sum payments thereafter remarries. Alimony payable in lump sum which is awarded to the wife prior to her remarriage is vested, and will not be affected by her subsequent remarriage.[1] Yandell v. Yandell, 39 So.2d 554 (Fla.1949); Latta v. Latta, 135 So.2d 443 (Fla.3d DCA 1961).
When a wife has been awarded alimony payable in periodic installments, her remarriage terminates her entitlement thereto. Friedman v. Schneider, 52 So.2d 420, 421 (Fla.1951); Reese v. Reese, 178 So.2d 913 (Fla.2d DCA 1965). The reason therefor is that a right of a wife to receive alimony is based on the husband’s duty of support existing during coverture, and *755 when she has remarried and is being supported by another, the husband no longer has such duty.
On the argument of this appeal counsel announced that by agreement of the parties payment of temporary alimony by the husband had been terminated, and that the issues relating to custody of the minor children and as to the amount of child support to be paid by the husband had been settled by the parties.
Although conceding that after her remarriage the court could not award her permanent alimony if it was ordered to be paid in periodic installments, the appellee argues that after she has remarried the court lawfully can award her permanent alimony in the form of lump sum alimony. We cannot agree.
The appellee treats alimony as though there were two distinct kinds of permanent alimony, that is, periodic alimony and lump sum alimony. Such is not the case. Under the applicable statute authorizing the granting of alimony [Section 61.08, Florida Statutes (1975)], the two kinds of alimony which are separately designated therein are rehabilitative alimony and permanent alimony. That section states that in a proceeding for dissolution of marriage “the court may grant alimony to either party, which alimony may be rehabilitative or permanent in nature”. The section continues by stating: “In any award of alimony, the court may order periodic payments or payments in lump sum or both”. The statute does not provide for different types of “permanent” alimony. It authorizes allowance of “alimony”. When the allowance is of alimony, permanent in nature, the court can order either or both of two methods of payment of such permanent alimony. For example, in an instance where the court awards a wife permanent alimony and for part thereof orders payment in designated periodic installments of stated amount, and also orders a designated amount to be paid by a lump sum payments or payments, the alimony is the same, and only the payment methods differ. The distinction resulting from the two payment methods is that while subsequent remarriage of the wife will terminate the ordered periodic payments, the portion of the alimony which is required to be paid by lump sum payments is vested and not affected by remarriage of the recipient.
The appellee argues that while permanent alimony which is ordered to be paid in periodic installments is allowed for support of a wife based on a husband’s obligation for her support, permanent alimony which is ordered to be paid by lump sum payment or payments is not predicated on the husband’s obligation for support of the wife, but is over and above that, and is an allowance to the wife in the nature of a bonus or generous lagniappe, as a reward to her for having been a wife. We can observe no such purpose in the cited statute relating to alimony.
In Arrington v. Arrington, 150 So.2d 473, 477 (Fla.3d DCA 1963) this court, speaking through Judge Pearson, said:
“We shall now examine the basis of the award as alimony. The form of payment in a lump sum does not change the nature of an award; it may still be characterized as alimony. Section 65.08, Fla.Stat., F.S.A. has been amended to specifically provide that ‘In any award of permanent alimony the court shall have jurisdiction to order periodic payments or payment in a lump sum.’ Such an award must be determined upon a need of the wife and the ability of the husband. Collins v. Collins, 153 Fla. 10,13 So.2d 445. Alimony is not allowed as a vehicle for which to obtain repayment of monies advanced to the husband or expended for his account. Spears v. Spears, Fla.App.1963, 148 So.2d 564.”
Carlton v. Carlton, supra, 87 Fla. 460, 100 So. 745 (1924) is a square holding by the Supreme Court that a divorced wife who has remarried is not thereafter to be awarded alimony. An earlier Carlton appeal disclosed that in an action in which the husband had sought the divorce, a decree was entered granting the divorce and denying the wife’s claim for alimony, from which she appealed [Carlton v. Carlton, 78 Fla. *756 252, 83 So. 87 (1919)]. On that first appeal the granting of the divorce was affirmed, but the denial of alimony was reversed. In the opinion it was stated the wife was the mother of the appellee’s six children; that she had contributed funds and personal exertion through a long period of time to the acquisition and development of the appel-lee’s home and other property and to the establishment of his fortune, entitling her to a special equity. The cause was remanded “for appropriate proceedings in awarding her a reasonable allowance for her maintenance and support”. Following remand the husband moved to dismiss the wife’s proceeding seeking alimony, on the ground that she had remarried. The trial court denied the motion and the husband appealed (100 So. 745). In the opinion on that second appeal it was recited that the judge’s order stated he would have granted the husband’s motion to dismiss but denied it only because he regarded the opinion on the first appeal “as holding the defendant divorced wife to have ‘a special equity in the property’ of the husband”. With regard thereto the Supreme Court said: “Some of the language in the opinion is not clear, but its import is that under the circumstances of the case as stated the divorced wife should equitably have from the husband a reasonable allowance for her maintenance and support”. The court then held that as the divorced wife had remarried, she was “not entitled to alimony or maintenance or support”, and remanded the cause with direction to dismiss the proceeding by which the wife was seeking alimony. That decision in Carlton has been recognized by the Supreme Court as the law on that question in subsequent cases, Vance v. Vance, 143 Fla. 513, 197 So. 128 at 130 (1940); State ex rel. Willard v. Harrison, 133 Fla. 169, 183 So. 464 at 466, 468-469 (1938). See also, Reese v. Reese, supra.
In the instant case, where the wife remarried after the dissolution of marriage but before any hearing and determination of issues relating to alimony for which jurisdiction had been reserved, under the law as thus pronounced by the Supreme Court she was not entitled thereafter to any allowance of alimony, and it was error for the court to deny the husband’s motion for a partial summary judgment so holding.
We have not overlooked the recent decision of the First District Court of Appeal in Seale v. Seale, supra, relied on by the appel-lee, and which it appears was the basis for the ruling of the trial court herein. In Seale, as in this case, the judgment dissolving the marriage contained a reservation of jurisdiction for later determination of issues relating to alimony, child custody and property rights, and prior to any subsequent determination of those issues the wife remarried. Thereafter, the trial court granted the wife alimony payable in lump sum, in the form of a directed transfer to the wife of a one-half interest in the property of the husband. The property involved had been held in their joint names, but when they separated the wife had conveyed her interest therein to the husband. The property transfer ordered after the wife had remarried was classified by the court as an award of alimony in lump sum.
In affirming that order in Seale, the court held that lump sum alimony does not terminate on remarriage, citing as authority Keller v. Belcher, 256 So.2d 561 (Fla.3d DCA 1971) so holding. With that proposition we agree. But the fact that alimony awarded in lump sum to a wife prior to her remarriage is unaffected by her subsequent remarriage would not appear to furnish basis to hold that a wife who has not been awarded alimony prior to her remarriage can be granted alimony thereafter, regardless of how it is ordered to be paid. Also, in Seale the court held the decision of the Supreme Court in Carlton v. Carlton, supra, that the wife was not entitled to receive an award of alimony after she had remarried, is applicable only to “periodic alimony”. We observe no language in Carlton which thus limits that decision.
We are impelled to disagree with Seale in two respects. First, where Seale holds that a wife who has remarried before being awarded any alimony thereafter can be awarded permanent alimony if made payable in lump sum, we consider that decision *757 to be contrary to the holding of the Supreme Court in Carlton and we follow the decision of the Supreme Court on that question. See: Hoffman v. Jones, 280 So.2d 431 at 434 (Fla.1973). Secondly, we would not regard the award of a one-half interest in the husband’s property to the wife in Seale as being alimony or lump sum alimony, but rather as an order of the trial court providing security for child support, as authorized by Subsection 4 of Section 61.13, Florida Statutes (1975). That is so because the property transfer was not ordered for a stated purpose or requirement of support for the wife, but patently as a means, and what appears to have been considered to be the only available means for deriving from the husband the wherewithal for support of the children. As disclosed, the husband was without income from which to support the children, and application of his assets (real property) or a portion thereof appeared to be the only available means of providing child support. In Seale the fact that the property transfer ordered to be made to the wife was a means of furnishing child support appears from the opinion, where the court said:
“ * * * The needs of the wife to care for her children are apparent and the only ability which the husband has to provide for those needs is by conveying to the wife as lump sum alimony the real estate owned by the husband in his sole name.”
In our view the order for property transferred by the husband to the remarried wife in Seale, rather than being classified as alimony was entitled to be classified as a transfer of property to the wife as security for child support. Characterized as alimony, the allowance would need to be contrary to law as previously pronounced, because of the prior remarriage of the wife. Characterized as an order providing the means or security for child support, the property transfer was in no wise impeded by the fact of the remarriage of the mother of the children, and was in conformity to the law, as an authorized order under Section 61.13, Florida Statutes (1975). Thus analyzed, we do not regard Seale as authority, contrary to Carlton, that alimony can be awarded to a divorced wife after she has married another who is supporting her.
Accordingly the order appealed from is reversed, and the cause is remanded to the circuit court with direction to enter partial summary judgment in favor of the appellant holding that the wife, after her remarriage, is not entitled to receive an award of alimony.
It is so ordered.

. There is an exception that where lump sum alimony is allowed as rehabilitative alimony, with provision for payment thereof in future installments, and the wife remarries, the husband may be relieved of the installments thereof that accrue after the remarriage. Blackmon v. Blackmon, 307 So.2d 887 (Fla.3d DCA 1975).