393 So.2d 1061 (1980)
Beverly A. CLAUGHTON, Petitioner,
v.
Edward N. CLAUGHTON, Respondent.
No. 55227.
Supreme Court of Florida.
October 23, 1980.
Rehearing Denied March 2, 1981.
Mark Hicks of Daniels & Hicks, and Paige & Catlin, Miami, for petitioner.
Marion E. Sibley and Allan M. Glaser of Sibley, Giblin, Levenson & Glaser, Miami Beach, for respondent.
*1062 OVERTON, Justice.
This cause is before the Court on petition for certiorari to review the decision of the district court of appeal in Claughton v. Claughton, 361 So.2d 752 (Fla.3d DCA 1978), which conflicts with Seale v. Seale, 350 So.2d 96 (Fla. 1st DCA 1977). We have jurisdiction under article V, section 3(b)(3), Florida Constitution (1979), as it existed prior to April 1, 1980.
The issue presented to the district court in an interlocutory appeal was whether the trial court, in entering a dissolution of marriage judgment, may reserve jurisdiction to determine issues relating to alimony and property rights and thereafter make an award of alimony to the wife after she has remarried.
The district court answered the question in the negative, finding no type of alimony could be awarded after remarriage. We quash in part and approve in part.
At the outset, it should be understood that both parties agreed to the use of this split procedure of entering a judgment for dissolution of the marriage, with a reservation of jurisdiction to determine alimony and property interests.
The district court's conclusion was correct insofar as it involved any alimony necessary for the support of the wife. Certainly, temporary alimony payments which had been established by previous court order were terminated by the remarriage. Also barred is any facet of periodic or lump sum alimony which is predicated on the need to support the wife. Carlton v. Carlton, 87 Fla. 460, 100 So. 745 (1924).
We find, however, that remarriage of the wife does not bar consideration of lump sum alimony to the extent it is used to provide the wife with an equitable share of the assets of the parties accumulated during their marriage, as distinguished from her need for support. In Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), we cited Yandell v. Yandell, 39 So.2d 554, 556 (Fla. 1949), as approving lump sum alimony where the wife had "assisted her husband in accumulating property... ." We do not determine in the instant case that the wife is necessarily entitled to any lump sum alimony; rather, we hold only that the trial judge in the instant case has jurisdiction to award such lump sum alimony if it is found necessary to "compensate the wife for her contribution to the marriage" in accordance with the standards set forth in Canakaris v. Canakaris; see Brown v. Brown, 300 So.2d 719 (Fla.1st DCA 1974). We emphasize that any award made in this instance would be based on her equitable share of the assets resulting from her marital contribution rather than her need for support.
Similarly, when jurisdiction has been reserved, remarriage does not bar consideration by the trial judge of special equity interests as we have defined them in Duncan v. Duncan, 379 So.2d 949 (Fla. 1980). Any "special equity" which the wife may have in marital real property is a vested interest, which, by its nature, would not be terminated by the remarriage of the spouse.
Although we approve the granting of this final dissolution with a reservation of jurisdiction to subsequently determine property, custody, and support issues, we believe trial judges should avoid this split procedure. The general law and our procedural rules at both the trial and appellate levels are designed for one final judgment and one appeal. Splitting the process can cause multiple legal and procedural problems which result in delay and additional expense to the litigants. This split procedure should be used only when it is clearly necessary for the best interests of the parties or their children. The convenience of one of the parties for an early remarriage does not justify its use.
In conclusion, we approve the decision of the First District Court of Appeal in Seale v. Seale to the extent it allows an award of lump sum alimony after remarriage, but disapprove to the extent it would hold the use of this split procedure to be proper in all cases. For the reasons expressed, we approve in part and quash in part the opinion of the district court in the instant case *1063 and remand for further proceedings consistent with this opinion.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, ENGLAND and ALDERMAN, JJ., concur.