394 So.2d 140 (1981)
Judith Marsha GLAZER, Petitioner,
v.
Ira M. GLAZER, Respondent.
No. 80-1833.
District Court of Appeal of Florida, Fourth District.
January 14, 1981.
As Modified On Rehearing March 11, 1980.
James Fox Miller, Miller & Schwartz, P.A., Hollywood, for petitioner.
Howard I. Weiss, Sachs & Weiss, P.A., Boca Raton, for respondent.
BERANEK, Judge.
By petition for writ of certiorari we are asked to review an order of the trial court granting respondent/husband's motion for a bifurcated trial of the property, alimony, and support issues from the dissolution of marriage.
Petitioner/wife filed her petition seeking dissolution of the marriage, alimony, child custody and support and other relief in May of 1980. Several months later a hearing was conducted before a general master on wife's claim for temporary relief. Prior to entry of the general master's report, husband moved to bifurcate the property, alimony, and child support issues from the dissolution of the marriage alleging that since neither party contested that marriage's being irretrievably broken, Section 61.052(2)(b), Florida Statutes (1979), required the court to dissolve the marriage immediately. Husband also asserted the parties had been separated since October of 1978, and to compel them to remain married until final adjudication of the property, alimony, and child support issues, would prejudice husband. He further noted that since *141 the general master had already conducted the temporary relief hearing wife could not be prejudiced. Wife objected to the motion contending that her property and financial interests would be prejudiced. The trial court granted husband's motion on October 16, 1980, and, on October 22, 1980, entered its order enjoining husband from liquidating any principal assets without wife's consent before the final hearing and from reducing wife's medical insurance benefits under his policy. Also, on October 22, 1980, the trial court ratified and approved the general master's report recommending, inter alia, that wife have temporary exclusive possession of the marital home, that husband pay periodic alimony and child support of $2,350 per month, and that he maintain all existing insurance.
Wife filed her petition in this Court on October 27, 1980, raising the same objections to entry of the bifurcation order that she argued below.
Because we find that wife has failed to demonstrate any wrong which cannot be remedied on appeal from an eventual judgment of dissolution reserving determination of property, alimony, and support issues, we deny her petition for certiorari. However, the parties should be aware that this split procedure should not be used unless "it is clearly necessary for the best interests of the parties or their children." Claughton v. Claughton, 393 So.2d 1061 (Fla. 1980). In this case the Supreme Court reaffirmed the split procedure but also stated:
The general law and our procedural rules at both the trial and appellate levels are designed for one final judgment and one appeal. Splitting the process can cause multiple legal and procedural problems which result in delay and additional expense to the litigants. This split procedure should be used only when it is clearly necessary for the best interests of the parties or their children. The convenience of one of the parties for an early remarriage does not justify its use.
See also Hyman v. Hyman, 310 So.2d 378, 380 (Fla. 2d DCA 1975), cert. discharged, 329 So.2d 299 (Fla. 1976). We will not hesitate to reverse a judgment dissolving a marriage and reserving jurisdiction to determine property matters if the case has been improperly bifurcated over the objection of one of the parties. It is only in exceptional circumstances that a trial court should exercise its discretion to bifurcate the case. See Behar v. Southeast Banks Trust Co., 374 So.2d 572 (Fla. 3d DCA 1979), cert. denied 379 So.2d 202 (Fla. 1980), and Hyman v. Hyman, supra. Any judgment dissolving a marriage (with or without a property reservation) is subject to appeal within 30 days of rendition. If that judgment results from an erroneously bifurcated proceeding then the dissolution may be subject to reversal.
CERTIORARI DENIED.
LETTS, C.J., and MOORE, J., concur.