419 So.2d 698 (1982)
Lucille WEASEL, Petitioner,
v.
George E. WEASEL, Jr., Respondent.
No. 82-1545.
District Court of Appeal of Florida, Fourth District.
September 8, 1982.
Rehearing Denied October 12, 1982.
Robert S. Levy, P.A., West Palm Beach, and Larry Klein, West Palm Beach, for petitioner.
Don Beverly of Beverly & Freeman, West Palm Beach, for respondent.
WALDEN, Judge.
Dissolution of marriage action. The trial court entered an order of bifurcation, that is to say, it determined to immediately try and enter judgment on the issue of dissolution, and, at some later date, try the remaining issues of alimony, property rights, etc. The wife being aggrieved has petitioned this Court for common law certiorari. We grant certiorari, quash the bifurcation order, and remand.
We make these observations as a basis for our finding that the order in question represents a departure from the essential requirements of law which cannot be remedied by subsequent appeal.
A. The husband is worth allegedly twenty million dollars or more and is heavily involved in complex financial affairs to include a venture in the one hundred million dollar class.
*699 B. The husband has some kind of relationship with a girl friend.
C. The husband is 56 years of age.
D. The trial court earlier denied the husband's application for bifurcation after hearing the husband's presentment (and without hearing the wife's evidence and argument), saying:
THE COURT: Well, Mr. Levy, it's not going to be necessary to hear from your side because I'm going to deny the motion. And in so doing let me just remark that I'll give Mr. Beverly and his side of the case credit for a thoughtful, well presented, imaginative presentation.
And I'd just like to comment I used to be pretty liberal about granting these bifurcated hearings, used to think it could do some good and probably little harm could result. But after having heard Clauten, I think I understand the reasons of the Supreme Court, and their opinion is that the split procedure should be used only when it is clearly necessary for the best interests of the parties or the children. That's a rather heavy burden. And I just don't feel like it's been met in this case.
E. At a hearing on the wife's motion for continuance of the trial, which motion was necessitated by a heart attack suffered by her counsel, the husband renewed his earlier motion for bifurcation and same was summarily granted without taking additional testimony. The wife has never had an opportunity to present her testimony or evidence in opposition.
F. The order of bifurcation imposed no conditions or restrictions upon the husband. It did not enjoin him from re-marriage or from disposing of his assets. It in nowise attempted to preserve the status quo.
G. The parties had agreed that the marriage was irretrievably broken and husband's counsel estimated that the dissolution hearing would only require five minutes. Foreseeably, the remaining issues would require substantial time to try.
H. The case has been pending in the trial court since April 24, 1981.
I. The main reasons asserted by the husband for requiring bifurcation were these
a. The suit was causing the husband emotional distress and diminished his effectiveness as a businessman. (We note in passing our wonderment how the five minute hearing on an uncontested issue would eliminate this distress when the contested financial matters remain unresolved and subject to a protracted trial.)
b. Prospective investors would be wary because of the possibility of the wife having a claim against a business begun during the marriage.
J. Bifurcation in the manner here reflected exposes the wife to hazards and prejudice which may not be correctable by subsequent appeal. Without detailing, the happening of any of these events in the interval between dissolution and a determination of the other issues could severely damage the wife's remaining claims:
a. death of husband
b. re-marriage of husband
c. the husband encumbers, conceals or disposes of his property.
There are other potential disadvantages and hazards which are significant. For a detailed evaluation of the problems created by bifurcation, see Miller, Bifurcation of Dissolution of Marriage Actions: Part One, 10 Fla. B.J. 755-757 (1981); Miller, Bifurcation of Dissolution of Marriage Actions: Part Two, 11 Fla. B.J. 831-834 (1981).
K. A trial court has the power to bifurcate. However, such procedure should be employed with caution and will be the exception rather than the rule. Hyman v. Hyman, 310 So.2d 378 (Fla. 2d DCA 1975), cert. discharged, 329 So.2d 299 (Fla. 1976). In Claughton v. Claughton, 393 So.2d 1061 (Fla. 1980), the parties agreed to bifurcation. However, the Claughton court warned
Although we approve the granting of this final dissolution with a reservation of jurisdiction to subsequently determine property, custody, and support issues, we believe trial judges should avoid this split procedure. The general law and our procedural rules at both the trial and appellate *700 levels are designed for one final judgment and one appeal. Splitting the process can cause multiple legal and procedural problems which result in delay and additional expense to the litigants. This split procedure should be used only when it is clearly necessary for the best interests of the parties or their children. The convenience of one of the parties for an early remarriage does not justify its use.
Id. at 1062.
And in Glazer v. Glazer, 394 So.2d 140 (Fla. 4th DCA 1980), this Court noted, "It is only in exceptional circumstances that a trial court should exercise its discretion to bifurcate the case." We would add our views and further emphasize that to be entitled to bifurcation it must be a most exceptional case reflecting at least equal or more hardship on the movart resulting from a non-bifurcation when compared to the damages and complications arising from bifurcation. Moreover, if the trial court is inclined to bifurcate, it should use measures to eliminate or effectively minimize the hazards of bifurcation  measures designed to maintain the status quo as concerns the financial affairs of the parties and the other party's (and the court's) access to full relief in the ultimate final judgment. Without undertaking to catalog all the tools available, these singularly or in combination may be helpful: lis pendens, injunctions against remarriage or property disposal, escrow arrangements, appointment of receivers or trustees, and use of indemnity bonds.
L. Upon weighing all of the reasons advanced by the husband in favor of splitting the issues so as to award him an immediate dissolution of his marriage against the mentioned problems to the wife created by the court order, we decide without difficulty that the order granting bifurcation was an abuse of the trial court's discretion to a degree reachable by common law certiorari.
Accordingly, certiorari is granted, the order of bifurcation is quashed, and the cause is remanded for further proceedings consistent herewith.
LETTS, C.J., and ANSTEAD, J., concur.