GRIMES, Acting Chief Judge.
This is an appeal from an order allowing the custodial parent to remove the parties’ minor child from the State of Florida.
The parties’ marriage was dissolved in Pinellas County on June 8, 1976, six months after the birth of their only child, Jennifer. The final judgment awarded permanent child custody to the wife with reasonable visitation rights to the husband. The minor child had continuously lived in Clearwater, Florida, excepting a nine-month period immediately following the dissolution when she lived with her mother in Holland, Michigan.
In April of 1984, the husband filed a petition to modify the final judgment in order to prevent the wife’s intended move to Michigan which he contended would effectively deny him access to the child. Shortly thereafter, the parties entered into a stipulation that the final judgment be modified to include a “child custody and visitation agreement.” The agreement specifically mentioned that the wife intended to visit Holland, Michigan, for the summer of 1984. The agreement further provided *737 that the parties would have “shared parental responsibility” of the minor child and that the primary physical residence of the child would be with the wife. The husband was to keep the child for at least four consecutive weeks during the summer and to pay for the air fare to and from Florida and Michigan. The following provision was also contained in the agreement:
Neither parent shall establish a permanent residence outside of the Pinellas County area with the child without applying to the Court granting the parties’ dissolution of marriage, or obtaining the written consent of the other party.
On May 1, 1984, the court entered an order modifying the final judgment to include this provision of the agreement.
The wife then left for Michigan. On July 26, 1984, the wife, through her newly substituted counsel, moved to set aside the agreement and to establish the child’s permanent residency with her in Holland, Michigan. Thereafter, she abandoned her efforts to set aside the agreement, and the case proceeded on a theory of modification. Following a hearing, the court ordered the change of permanent residency as requested. The order permitted the husband to keep the child a minimum of four consecutive weeks during the child’s summer vacations, all of her spring breaks, and a majority of the child’s Christmas vacation until 1986 when Christmas visitation will begin alternating between the husband and wife. The husband filed a timely appeal of this order.
A trial court is vested with the power to restrict the removal of a child from a particular geographical area. Crumpton v. Crumpton, 443 So.2d 315 (Fla. 1st DCA 1984); McManus v. McManus, 238 So.2d 473 (Fla. 2d DCA 1970). The party seeking modification of the restriction, however, carries the burden of showing by substantial competent evidence that a material change in circumstances has occurred and that the removal is in the best interest of the child. Costa v. Costa, 429 So.2d 1249 (Fla. 4th DCA 1983); Giachetti v. Giachetti, 416 So.2d 27 (Fla. 5th DCA 1982). Thus, the testimony elicited at the hearing must be considered.
The wife testified that she completed her associate of arts degree in health sciences just prior to moving to Michigan. While she attended school she had been earning $5.25 an hour on a part-time basis working for a group of doctors in Clear-water. She has obtained similar employment in Holland, Michigan, on a full-time basis for $5.50 per hour, but Michigan income taxes are assessed against these wages. She has enrolled in a practical nursing program thirty miles from her apartment. The husband’s yearly income is approximately $50,000.
The wife has no marriage plans but dates a banker from Holland, Michigan, whom she has known since her childhood there. Her two-bedroom apartment in Michigan costs $21 more than her former one-bedroom apartment in Clearwater. She intends to work for about six months, at which time she plans to attend school full time for one semester. At that time, she would cover the cost of her apartment by sharing it with her elderly parents. She indicated that her parents, who presently live in Clearwater, would soon be moving to Holland, Michigan. She stated that her aunt and various cousins in Michigan could assist her with babysitting; however, she admitted that she had seen only one of them since 1977.
The husband’s visitations with the child had increased over the year and a half prior to the wife’s moving to Michigan. He usually saw her at least one day of the week and every three out of four weekends. During the visits, he would often take her boating or on family outings with her paternal uncle and his two daughters. They regularly visited her paternal grandmother who lives in a nursing home in Clearwater.
A clinical psychologist, Dr. Frain, testified that the eight-year-old child needed the consistent weekly interaction with her father to continue their acquired close ties. The extended visitation on holidays would *738 not be as meaningful and would not foster the close relationship which they now enjoyed. A child of her age would need her father nearby as a support system. The loss of frequent contact with the friends she had made during her first three years of education at the same school and her two cousins would be traumatic to her. She expressed the opinion that the contemplated move would be detrimental to the child.
It must be remembered that this is not an appeal from an original judgment of dissolution in which the wife had been authorized to take the child to Michigan. There is already in the judgment a restriction against moving the child out of Florida, a provision which was incorporated therein by agreement of the parties less than four weeks before the wife decided she wanted to stay in Michigan on a permanent basis. Even when construed in the light most favorable to the wife, the evidence falls far short of the requirements for modification.
The wife’s economic condition is substantially the same in Michigan as it was in Florida. The only changed circumstance came about as a result of the wife’s personal preference to move to Michigan. She had a perfect right to make the move. However, before obtaining a modification of the judgment so as to permit her to take the child with her and thereby effectively deprive the husband of substantial visitation rights, it was incumbent upon her to demonstrate more compelling reasons for the move. In passing upon the welfare of the child, we recognize that great deference must be given to the conclusions of the trial court. Yet, the only expert witness who testified expressed the opinion that authorizing the child to be taken to Michigan was contrary to the best interest of the child. In the final analysis, the wife failed to carry the burden necessary to modify the judgment.
The case of McIntyre v. McIntyre, 452 So.2d 14 (Fla. 1st DCA 1984), cited by the trial court in its order, is distinguishable. There, the wife’s move was prompted by the transfer of her new husband to an overseas military station. The duty assignment was limited to two years. The court also emphasized that by affirming the modification, the child would be permitted to join his sister in the beneficial experience of travel and exposure to a foreign culture. None of these circumstances exist in the instant case.
Reversed.
OTT and DANAHY, JJ., concur.