SCHEB, Acting Chief Judge.
Husband appeals, contending the trial court erred in making certain awards in the *1120 corrected final judgment of dissolution of the parties’ marriage. We have examined the record and briefs of the parties and we agree with the wife that the trial court did not abuse its discretion in the areas challenged by the husband, i.e., equitable distribution, permanent alimony, requirement for life insurance and attorney’s fees. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
We note, however, the parties stipulated that the court retain jurisdiction to order a distribution of their tangible personal property should they be unable to agree on a distribution. Apparently responding to their wishes, the trial court did not enter an order disposing of their personal property. However, the court overlooked including such a provision in the judgment. At oral argument counsel conceded the judgment should so provide.
Accordingly, we construe the corrected final judgment, filed March 16, 1990, as retaining jurisdiction to effectuate a distribution of the parties’ tangible personal property should the parties be unable to agree on an amicable distribution within a reasonable time. As construed, we affirm the corrected final judgment.
DANAHY and LEHAN, JJ„ concur.