BARFIELD, Judge,
dissenting:
The issue on appeal is whether the trial court abused its discretion in denying.appellant’s motion to set aside the marriage dissolution settlement agreement to which the parties orally stipulated just before trial was to commence. The parties had been married forty years and own millions of dollars of real and personal property. Before the divorce, they had signed two lists indicating their respective ownership interests in the real properties, with appellee getting the family farm. These lists, their financial statements listing vehicles and bank accounts, and appellant’s “proposed plan for equitable distribution of property” formed the basis for the eleventh hour oral settlement. The parties continue to have difficulty dividing the antique furniture and other personal property in appellee’s temporary possession.
As they were going into the courtroom to announce the settlement, appellant expressed reservations, insisting she had considerable monies tied up in the family farm. One of appellee’s attorneys indicated to her that they could work that out in the division of the personal property. At the hearing, the judge retained jurisdiction to make the division of the personal property if the parties could not come to an agreement.
After the parties had tried for several weeks to agree on a final judgment, appel-lee sought entry of judgment based on the settlement agreement. Appellant sought to have the agreement set aside, asserting that there had not been a complete meeting of the minds (i.e., they had not progressed in dividing the antique furniture and other personal property, and she felt she had been promised she would be reimbursed by that division for the money she had tied up in the farm).
Given the circumstances, the “final judgment” before us, adopting the parties’ settlement agreement regarding the real property, the vehicles, and the bank accounts, but retaining jurisdiction “to make an equitable distribution of the remaining personal property should the parties be unable to do so,” is not a final, appealable order. We ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.
Apparently in response to that order, ap-pellee filed a “Motion to Allow Concurrent Jurisdiction,” citing Schrott v. Schrott, 570 So.2d 1119 (Fla. 2d DCA 1990). In that opinion, the court noted that the trial court had intended to retain jurisdiction to dispose of remaining personal property upon stipulation of the parties, but forgot to include such a provision in the final judgment. The appellate court amended the judgment to reflect this reservation of jurisdiction and affirmed the judgment. There is no discussion in the opinion of whether the appellate court should have acted in the first instance, and no indication that the issue of appellate jurisdiction was raised, either by the parties or by the court sua sponte. The fact that the Second District Court of Appeal did not recognize and *816 address the jurisdiction problem does not justify our following suit.
There is a wealth of authority addressing the trial court’s authority to dissolve a marriage while specifically reserving jurisdiction to dispose of other matters including alimony, child support, and the equitable distribution of property.[1] In Hyman v. Hyman, 310 So.2d 378, 379 (Pla. 2d DCA 1975),[2] the court ruled (emphasis added):
[A] Trial Court may enter an interlocutory order granting a dissolution of marriage and therein reserve jurisdiction to later determine property rights. The Judgment of Dissolution remains interlocutory until such time as a Final Judgment of Dissolution is later entered determining all property rights and confirming the interlocutory judgment previously entered.
In Seale v. Seale, 350 So.2d 96 (Fla. 1st DCA 1977),[3] this Court observed that the trial court has the power to reserve jurisdiction to settle property rights and other matters after entering an interlocutory decree granting dissolution of the marriage.[4] We have found no Florida cases involving the situation presented here, where both dissolution of the marriage and some of the property division issues are addressed in the judgment, while jurisdiction is reserved to consider other property division issues.
However, the fact that the trial court may have the power to consider such issues in a “piecemeal” fashion in domestic litigation[5] does not give the appellate court jurisdiction to review “piecemeal” the resulting interlocutory orders prior to termination of the trial court’s judicial labors and rendition of a final judgment, unless the interlocutory orders fall under one of the categories set out in Florida Rule of Appellate Procedure 9.130(a)(3),[6] or the or *817 der qualifies for certiorari review.[7] I would not find that this order, dividing part, but not all, of the parties’ property and reserving jurisdiction to finish the job if the parties are unable to do so, is properly reviewable by this court at this time.
If this Court does not have jurisdiction to review “piecemeal” interlocutory judgments such as the one at issue, it follows that we cannot grant “concurrent jurisdiction” to the trial court, as requested by appellee. However, the trial court may exercise the jurisdiction reserved in its judgment, without our interference, until it has completed its judicial labors.
It is my opinion that we do not have jurisdiction to review this nonappealable interlocutory order. I would dismiss the appeal without prejudice to the parties’ rights to seek review of all the trial court’s rulings, once its judicial labor is at an end and a truly “final” judgment has been rendered.

. In Finston v. Finston, 160 Fla. 935, 37 So.2d 423, 424 (Fla.1948), the supreme court ruled that a general reservation of jurisdiction to promulgate orders to effectuate a final judgment "does not make it any less a final judgment,” or "there would be no' end to litigation," and that such a decree settles all property rights of the parties. See also Dieujuste v. Davis, 400 So.2d 981 (Fla. 4th DCA 1981), remanded on other grounds, Davis v. Dieujuste, 496 So.2d 806 (Fla.1986); Mason v. Mason, 371 So.2d 226 (Fla. 2d DCA 1979); McEachin v. McEachin, 154 So.2d 894 (Fla. 1st DCA 1963). The reservation of jurisdiction involved in the instant case is not of this type.

. In Hyman, the wife filed for dissolution of marriage and the husband filed a separate suit alleging an oral contract with a family corporation in which the wife owned stock. The trial court entered judgment dissolving the marriage and reserving jurisdiction to later determine complex property division questions involved in the consolidated cases. Two months later, the final judgment disposing of the property questions was entered, and the husband appealed, claiming the trial court had no power to reserve jurisdiction.

. Seale involved appeal of a "supplemental final judgment” awarding the wife custody of the children and lump sum alimony after she had remarried. The preceding "final judgment” had dissolved the marriage, but had reserved jurisdiction to resolve the remaining issues of lump sum alimony, property division and child custody.

. See also Eberly v. Eberly, 344 So.2d 886 (Fla. 4th DCA 1977); Jennings v. Jennings, 341 So.2d 541 (Fla. 2d DCA 1977); Kipnis v. Kipnis, 330 So.2d 67 (Fla. 3d DCA), cert. dism., 339 So.2d 1170 (Fla.1976); In re Marriage of Golub, 310 So.2d 380 (Fla. 2d DCA 1975).
But see Klarish v. Klarish, 296 So.2d 497 (Fla. 3d DCA 1974), in which the trial court first entered a judgment dissolving the marriage and awarding custody of the child to the former wife, reserving jurisdiction to consider alimony and child support. The wife appealed the later order awarding her alimony and child support, challenging the bifurcated procedure, contending "that the trial court erred in entering a final judgment of dissolution of marriage prior to the time when disposition had been made of the entire case.” Id. at 498. The appellate court affirmed the trial court’s actions, finding this argument without merit. In Galbut v. Garfinkl, 340 So.2d 470, 473 (Fla.1976), the supreme court cited Klarish as authority for its ruling that a “partial judgment of dissolution” dissolving the marriage and reserving jurisdiction to consider the other issues "is final insofar as the marital status of the parties is concerned," in response to a certified question from the district court, which had held that such a judgment was an interlocutory order, citing Hyman.

. Becker v. King, 307 So.2d 855 (Fla. 4th DCA), cert. den., 317 So.2d 76 (Fla.1975).

. See Claughton v. Claughton, 393 So.2d 1061 (Fla.1980), which involved interlocutory appeal of an order denying the husband's motion for a summary judgment ordering him relieved of an obligation for alimony. This motion was filed in response to the wife’s motion seeking to have the husband cited for contempt for failing to *817 pay temporary alimony after she had remarried and before final hearing on issues relating to alimony, for which jurisdiction had been reserved in an earlier judgment. The supreme court noted the potential problems inherent in such a “split procedure” at the trial level, and discouraged such a procedure except "when it is clearly necessary for the best interests of the parties or their children." Id. at 1062.

. In Glazer v. Glazer, 394 So.2d 140, 141 (Fla. 4th DCA 1981), the court denied the wife’s petition for a writ of certiorari to review a bifurcation order, finding that in those particular circumstances, she had "failed to demonstrate any wrong which cannot be remedied on appeal.”
In Weasel v. Weasel, 419 So.2d 698, 698 (Fla. 4th DCA 1982), the same court granted the wife’s petition for a writ of certiorari to review a bifurcation order, finding that the order "represents a departure from the essential requirements of law which cannot be remedied by subsequent appeal,” citing Claughton and Glazer for the proposition that bifurcation is appropriate only in exceptional circumstances.