GUNTHER, Chief Judge.
Appellant, Barbara Law Williams, petitioner below (Former Wife), appeals the trial court’s final judgment of dissolution of marriage. Although Former Wife raises numerous issues on appeal, we find one dispositive of the entire case. We reverse because the trial court erred in bifurcating the proceedings, sua sponte.
Former Wife petitioned the trial court for a dissolution of marriage. After hearing the testimony, the trial court valued all marital assets and awarded Former Husband $138,-886.50 in assets and granted Former Wife $115,051.50 in assets. In addition to distributing the marital assets, the trial court awarded Former Wife rehabilitative alimony for a period of two years. Although it awarded Former Wife both the aforementioned rehabilitative alimony and attorney’s fees, the trial court failed to establish an amount for the same and instead, without a request from either party, directed the parties to mediation on these issues. The trial court specifically reserved jurisdiction to determine the amount of both the rehabilitative alimony and attorney’s fees in the event that mediation proved unsuccessful. Mediation did, in fact, prove unsuccessful, and before a hearing was set on the amount issues, the trial judge voluntarily recused himself.
A trial court obviously has the power to bifurcate any judicial proceeding. Weasel v. Weasel, 419 So.2d 698 (Fla. 4th DCA 1982). However, such procedure should be employed with caution and should be the exception rather than the rule. Id.; see also Woods v. Woods, 610 So.2d 71 (Fla. 4th DCA 1992). Thus, only in exceptional circumstances should a trial court exercise its discretion to bifurcate. Weasel, 419 So.2d at 700. As the supreme court warned in Claughton v. Claughton, 393 So.2d 1061, 1062 (Fla.1980):
Although we approve the granting of the final dissolution with a reservation of jurisdiction to subsequently determine property, custody, and support issues, we believe the trial court should avoid this split procedure. The general law and our procedural rules at both the trial and appellate levels are designed for one final judgment and one appeal. Splitting the process can cause multiple legal and procedural problems which result in delay and additional expense to the litigants. This split procedure should be used only when it is clearly necessary for the best interests of the parties or their children.
In the instant ease, the bifurcation was not clearly necessary for the best interests of the parties. The record reveals no justification for the trial court dissolving the parties’ marriage without simultaneously resolving the issue concerning the amount of rehabilitative alimony. At the dissolution hearing, the trial court heard all relevant testimony pertaining to the amount of the rehabilitative alimony needed by Former Wife. Referring the parties to mediation without setting an amount merely prolonged the litigation and left Former Wife without the benefit of the rehabilitative alimony pre *1308 viously awarded by the trial court. Thus, splitting the process resulted in delay and additional expenses to the litigants without any justification. Additionally, it has hindered our review of the financial aspects of the dissolution as we are unable to view the “whole picture.”
In conclusion, the trial court abused its discretion in splitting the dissolution proceeding, sua sponte, where no exceptional circumstances were present necessitating the bifurcation. Because of the unusual procedural posture of this ease and because the amount of rehabilitative alimony is interrelated to other financial considerations in a dissolution proceeding, the trial court, at its discretion, may revisit any financial issue upon remand.
Accordingly, this case is reversed and remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
WARNER and POLEN, JJ., concur.