WALDEN, Judge.
The former wife appeals from a post dissolution denial of her motion for contempt regarding the former husband’s failure to pay temporary alimony. We reverse and remand.
The trial court denied the motion for contempt on the grounds that A) the ar-rearages were not acknowledged in the Final Judgment, B) the lower Court did not reserve jurisdiction to enforce the Temporary Relief Order, and C) the Temporary Relief Order merged in the Final Judgment. We find that the trial court erred in these rulings insofar as the final judgment provides:
The Husband is to continue to meet the demands of the Temporary Relief Order until such time as all lump-sum alimony payments are made pursuant to this Judgment.
Further, the final judgment indicates that:
The Court reserves jurisdiction to enforce the terms and conditions of this Judgment.
Thus, the court did retain the power to enforce the payment of funds required by the temporary relief order.
*1095 Inasmuch as the trial court ruled that it did not have jurisdiction and that the temporary relief order merged in the final judgment, the court failed to reach the merits of the former wife’s motion for contempt. We elect to remand for a full evi-dentiary hearing on the former wife’s motion for contempt with instructions to the court to fully adjudicate the issues regarding the husband’s failure to pay temporary support. Therein the trial court should make a factual determination of whether the husband was in arrears on his temporary support payments, whether he has the ability to pay those amounts and whether he has willfully disobeyed a court order. See, Bowen v. Bowen, 471 So.2d 1274 (Fla.1985.)
REVERSED and REMANDED.
DOWNEY and LETTS, JJ., concur.