643 So.2d 1124 (1994)
James SCOTT, Joe H. Scott, and Loretta A. Scott, his wife, Appellants/Cross-Appellees,
v.
Diana SCOTT, Appellee/Cross-Appellant.
Nos. 92-2902, 92-2903 and 93-1965.
District Court of Appeal of Florida, Fourth District.
September 14, 1994.
Rehearing Denied November 3, 1994.
*1125 Hubert & Thompkins and Morgan, Carratt and O'Connor, P.A., Fort Lauderdale, for appellants/cross-appellees.
Lynn Waxman of Lynn Waxman, P.A., West Palm Beach, for appellee/cross-appellant.
STEVENSON, Judge.
This is an action for dissolution of marriage consolidated with a mortgage foreclosure suit. After the wife filed a petition for dissolution, the husband's parents sought foreclosure of the marital home which had been secured by a note. The trial court entered a final judgment of dissolution and a final judgment denying the foreclosure of the mortgage. We affirm in part and reverse in part.
The parties were married for approximately seventeen years. The husband is a thirty-seven year old real estate developer and property manager who accumulated extensive real estate holdings during the marriage. The wife, thirty-five years old, has a high school education. She has devoted her energies to homemaking and to the parties' thirteen *1126 year old son. The wife was designated as the primary residential parent of the minor child and was awarded permanent, periodic alimony. With a few exceptions as noted below, the trial court's designations of marital and nonmarital assets are supported by competent, substantial evidence and the equitable distribution of the assets do not reflect an abuse of the trial court's discretion.
Initially, we reject the husband's argument that the trial court abused its discretion in awarding the wife a one-sixth interest in the so-called Pine Tree North property. The husband owns a one-third interest in the Pine Tree North property which consists of land and five apartment buildings each with 84 units. During the marriage, the property was purchased and the apartment buildings were constructed. The husband and wife expended marital labor on the Pine Tree North property during its early development and both contributed to its becoming a profitable enterprise. The record contains testimony that during the marriage the wife worked at the Pine Tree rental office typing, showing apartments and performing various secretarial tasks. Further, the record testimony shows that the husband expended marital labor on the property by performing construction supervision and management duties at the complex. The enhancement in value or appreciation of a nonmarital asset is subject to equitable distribution if either or both spouses expend marital labor on that asset. See § 61.075(5)(a)(2), Fla. Stat. (1991). On the record before us we cannot conclude that the trial court abused its discretion in awarding the wife a one-sixth interest in the Pine Tree North property as an equitable distribution of marital property.
We note, however, that there is conflicting testimony in the record concerning whether the husband's one-third interest in Pine Tree North was acquired with marital or nonmarital assets. Some evidence indicates that the Pine Tree North property may have been initially acquired, in whole or in part, by the husband as a gift from his father or in exchange for assets acquired by the husband prior to the marriage. The husband would be entitled to an offset or credit for those nonmarital acquisition costs if Pine Tree North was acquired with nonmarital assets. This is so because only the increase in value of a nonmarital asset becomes marital property as a result of the application of marital labor thereon. See §§ 61.075(5)(a)(2) & 61.075(5)(b)(1) & (2), Fla. Stat. In addition, there is conflicting testimony in the record concerning the value of the husband's one-third interest in Pine Tree North. Likewise, the final judgment made no finding as to whether an additional asset, Pine Tree East, was marital or nonmarital. If Pine Tree East is a marital asset, it, too, is subject to equitable distribution. Unfortunately, these issues are not resolved in the final judgment.
Because the trial court's order does not clearly resolve certain important issues, it fails to meet statutory requirements of specificity in regard to Pine Tree North and East and frustrates meaningful appellate review. See §§ 61.075(3)(a)-(d), Fla. Stat. (in contested dissolution action, final judgment must include specific written findings of fact clearly identifying marital and nonmarital assets, it must determine valuation of significant assets and must include "any other findings necessary to advise the parties or the reviewing court of the trial court's rationale for the distribution of marital assets"). We must, therefore, remand this case back to the trial court to determine whether Pine Tree North and/or East was acquired with marital or nonmarital assets and to determine a specific value for both the husband's and wife's interest in Pine Tree North and East. On remand, the trial court in its discretion may rely on the original record or take additional evidence.
The wife has argued that the trial court abused its discretion in failing to provide in its order a method by which she could receive her one-sixth interest in Pine Tree North apartments. While this court has frowned upon distribution schemes which have the effect of making disgruntled former mates business partners, each case must be considered separately and the decision whether to require a "buy-out" in a given instance must be left to the sound discretion of the trial judge. See Kaylor v. Kaylor, 390 So.2d 752 (Fla. 4th DCA 1980); Novak v. Novak, 429 So.2d 414 (Fla. 4th DCA), rev. *1127 denied, 438 So.2d 833 (Fla. 1983); and Bird v. Bird, 385 So.2d 1090 (Fla. 4th DCA 1980). We cannot say that the trial court abused that discretion in this case. Nevertheless, because of the substantial financial means of the husband, on remand the trial court may wish to consider anew the wife's request that the husband make a cash distribution to her representing the value of her interest in Pine Tree North.
Also we have consolidated with these cases the wife's appeal from a non-final order of the trial court which approved a general master's recommendation finding that the trial court lacked authority to enforce an order on costs which was issued prior to the April 27, 1992 final judgment. On February 7, 1992, the trial court entered an order awarding the wife suit money and costs which the court specifically designated as "additional alimony and child support" in the amount of $44,215.06. These amounts were not included in the final judgment.
We affirm the trial court's ruling. It is well settled in Florida that a temporary support award which is not incorporated in the final judgment cannot be enforced by the trial court in post-judgment proceedings. See Bird v. Bird, 385 So.2d 1090 (Fla. 4th DCA 1980); Aylward v. Aylward, 420 So.2d 660 (Fla. 2d DCA 1972); Rankin v. Rankin, 275 So.2d 283 (Fla. 2d DCA 1973). The matter of arrearages in the payment of temporary child support and alimony orders entered during the pendency of the dissolution action should have been brought up at the final hearing so that the trial court could have made any necessary adjustment in the final judgment and distribution of assets.
We have examined the remaining issues raised by the parties and find no error.
Affirmed in part, reversed in part and remanded.
GLICKSTEIN and KLEIN, JJ., concur.
Note: GLICKSTEIN, J., did not participate in oral argument, but has reviewed the presentation made at that proceeding.