736 So.2d 126 (1999)
T.H., Mother of K.H., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 98-4082.
District Court of Appeal of Florida, First District.
June 30, 1999.
Michelle A. Inere, Pensacola, Attorney for Appellant.
Alice H. Murray, Shalimar, Charles A. Wade, Crestview, and Thomas F. McGuire, Pensacola, for Appellee.
PER CURIAM.
In this child dependency case, T.H. (the natural mother) appeals from an order determining custody of her minor child, K.H. In the order appealed from, the trial court, upon consideration of appellant's motion for reunification with the minor child,[1] determined the issue of K.H.'s permanent custody. However, the trial judge also reserved jurisdiction to determine integrally-related issues of child support and visitation, providing:
ORDERED AND ADJUDGED:
1. The minor child, [K.H.], shall be placed with the Father who will be designated as the residential custodial parent. Given the age of the child, the Court finds that frequent contact with the Mother would be beneficial for the child and therefore, refers the issue of visitation to mediation. In the event an agreement cannot be reached, the parties shall schedule a hearing before this Court to determine the issue of visitation. The current visitation shall remain in effect until further Order of this Court.
2. The court reserves jurisdiction to enter further orders regarding support or other issues involving the minor child.
(Emphasis supplied).
Therefore, the order, on its face, reflects that the trial court, while resolving the issue of custody, has reserved jurisdiction to determine the issue of visitation,[2] *127 pending implementation of an alternative dispute resolution mechanism which will require additional action by the court.[3] Further, the order provides that, in the event an agreement regarding visitation is not reached, the parties are ordered to schedule a hearing before the court, so that the court can determine the issue itself. Lastly, the court has specifically reserved jurisdiction to determine the issue of child support.
Here, then, the order appealed from is "merely a preliminary order in a proceeding that will eventually culminate in a subsequent final order." PHILIP J. PADOVANO, FLORIDA APPELLATE PRACTICE § 22.15, at 429 (2d ed.1997). After the lower tribunal enters such subsequent order,[4] appellant will have an opportunity to appeal from the trial court's disposition of all related issues.
For that reason, this appeal is sua sponte DISMISSED. See generally Maryland Casualty Co. v. Century Constr. Corp., 656 So.2d 611 (Fla. 1st DCA 1995); Benton v. Moore, 655 So.2d 1272, 1273 (Fla. 1st DCA 1995). Such dismissal is without prejudice to appellant's right to file a timely notice of appeal after a final order has been rendered in the case below.
MINER and LAWRENCE, JJ., CONCUR.
WEBSTER, J., DISSENTS WITH OPINION.
WEBSTER, J., dissenting.
In January 1998, the Department of Children and Family Services filed a shelter petition in which it alleged that the child, K.H., was three days old; that appellant (the child's mother) had tested positive for marijuana upon the child's birth; that appellant had admitted to the use of cocaine and marijuana during the pregnancy; and that appellant had a long-term *128 history of substance abuse. That petition was granted, and a dependency petition containing essentially the same allegations was subsequently filed. At the arraignment, appellant (unrepresented by counsel) consented to a finding of dependency, without admitting any of the allegations of the petition. Based upon appellant's consent, the trial court entered an "Order on Arraignment/Final Judgment of Dependency/and Order of Disposition," in which it adjudicated the child dependent and placed her with her father, subject to Protective Services supervision.
Following her completion of a substance abuse treatment program as contemplated by the final judgment and order of disposition, appellant (still unrepresented by counsel) filed a "Petition/Request to Change Primary Parental Responsibility/Custody of Children [sic]." In that petition, appellant requested that custody of the child be changed from the father to her, and that the father be permitted to have visitation. After a hearing during which the Department of Children and Family Services recommended that the child be "reunited" with appellant, the trial court found that appellant "ha[d] substantially complied with the case plan and ha[d] abstained from the use of drugs." Nevertheless, because the child had been with the father since shortly after her birth, the trial court denied appellant's request. It directed that the child was to remain in the custody of the father, and that appellant was to have "reasonable visitation rights." Although nothing in the record reflects that either party requested that it do so, the trial court then referred "the issue of visitation" to mediation, saying that the parties should schedule a hearing if they were unable to reach an agreement regarding visitation. The trial court also "reserve[d] jurisdiction to enter further orders regarding support or other issues involving the minor child," although there is nothing in the record to suggest that any issue that had been raised by the parties remained unresolved.
The majority concludes that, because the trial court had "reserved jurisdiction" to address any issues regarding visitation or child support, the order of which appellant seeks review is not final, and that appellant must wait to seek review of the custody determination until after the entry of some later order. I find that reasoning flawed.
Appellant's petition had sought only that the child be placed in her custody. The exact language of the petition was: "I want custody changed from [the father] back to [me] with father only having visitation." The trial court ruled on appellant's request, denying it. Nothing in the record reflects that either party had requested the court's intervention regarding either a visitation schedule or child support. Certainly, no petition or motion was pending addressing those issues. In my opinion, once the trial court had ruled on appellant's petition, its labor was over as to the only matter then pending before it and, therefore, for purposes of appellant's petition, the order was final and appealable. See Roshkind v. Roshkind, 717 So.2d 544 (Fla. 4th DCA 1997) (treating an appeal from a post-dissolution order granting a motion to modify the final judgment by reducing child support as one from a final order).
However, even if the majority is correct that the order is not sufficiently final to give us jurisdiction to review it on that basis, I believe that we should treat this as a petition for a writ of certiorari. See In the Interest of K.D., 679 So.2d 39 (Fla. 2d DCA 1996) (reviewing by certiorari an order in a dependency action returning a child to the custody of her mother). In my opinion, appellant raises substantial questions regarding whether the trial court departed from the essential requirements of law by employing an incorrect legal test to resolve the petition.
Because the majority declines to address the merits of appellant's arguments, I dissent.
NOTES
[1] At the time appellant's motion was filed, the minor child was living with the child's natural father.
[2] The issue of visitation appears to be ripe for adjudication, based upon the trial court's finding contained in the decretal part of the order that "frequent contact with [appellant] would be beneficial for the child."
[3] The rules regarding dependency mediation require any mediation agreement to be submitted by the mediator to the court. See Fla. R.App. P. 8.290(o)(1)(Report on Mediation), Florida Rules of Juvenile Procedure ("[i]f agreement is reached ... such agreement shall be immediately reduced to writing, signed by the attending parties, and promptly submitted to the court by the mediator"). The Rules of Juvenile Procedure provide further that, "[u]pon receipt of a full or partial mediation agreement, the court shall hold a hearing and enter an order accepting or rejecting the agreement consistent with the best interest of the child." See Fla. R.App. P. 8.290(p)(Court Hearing and Order Upon Mediated Agreement).

If no agreement is reached in mediation, the mediator is also required to submit a report to the court, which becomes a part of the court file. See Rule 8.290(o)(2), Florida Rules of Juvenile Procedure ("[i]f the parties do not reach an agreement as to any matter as a result of mediation, the mediator shall report the lack of an agreement to the court without comment or recommendation"). In that event, the trial court, in the present case, has ordered the parties to schedule a hearing before the Court to determine the issue of visitation.
[4] We reject any contention that the issue of visitation is not pending below because the record reflects no unresolved motion related to that issue. Appellant, in the notice of appeal, has characterized the order appealed from as an "final Order denying [appellant's] Motion for Reunification in a dependency action." In that motion (entitled a "Petition/ Request to Change Primary Parental Responsibility/Custody"), appellant stated that she "want[ed] custody changed from [the natural father] back to [appellant] with father only having visitation. Not being able to leave town with child without consent of mother." (Appellant's petition to change custody at p. 2)(Emphasis supplied).

In considering the visitation issue which was raised by appellant's petition, the trial courton the face of the order appealed fromhas preliminarily addressed the issue (by finding "that frequent contact with the Mother would be beneficial for the child") but left it unresolved, pending further judicial activity. An order which thus leaves open a question for judicial determination is not a final order. Cf. Carlton v. Wal-Mart Stores, 621 So.2d 451 (Fla. 1st DCA 1993)(order reciting that cause was dismissed without prejudice met finality test: "whether the case is disposed of by the order and whether a question remains open for judicial determination[;][i]n other words, a final decree marks the end of judicial labor") (Citations omitted).