846 So.2d 1188 (2003)
Tracy L. SIMS, Appellant,
v.
Eddie E. SIMS, Appellee.
No. 4D02-1030.
District Court of Appeal of Florida, Fourth District.
May 14, 2003.
Rehearing Denied June 24, 2003.
Joseph R. Fields, Jr. of Prince & Fields, P.L., West Palm Beach, for appellant.
Ann Porath, Wellington, for appellee.
FARMER, J.
We reverse a final judgment of dissolution of marriage because of the failure of the trial judge to adjudicate and dispose of the issue concerning the husband's failure to pay temporary spousal and child support accruing before trial.[1]
Nonpayment of temporary child support and alimony during the pendency of a dissolution action should be addressed at the final hearing so that the trial court may fix the amount of any prejudgment arrearage and, if necessary, make an appropriate adjustment in the distribution of assets and liabilities in the final judgment. Scott v. Scott, 643 So.2d 1124, 1127 (Fla. 4th DCA 1994). If provision for payment of a temporary support arrearage is not incorporated *1189 in the final judgment, we have held that the court may not enforce such an arrearage in post-judgment proceedings. Roth v. Roth, 658 So.2d 1225, 1226 (Fla. 4th DCA 1995) (final judgment in dissolution of marriage proceeding failed to preserve wife's right to temporary support arrearage that husband had accumulated at time of final hearing, warranting reversal; even though final judgment acknowledged outstanding obligation and in no way abolished it, the final judgment contained no language requiring payment of outstanding obligation); see also Scott, 643 So.2d at 1127; Bird v. Bird, 385 So.2d 1090 (Fla. 4th DCA 1980).
We remand in order for the trial court to dispose of this issue, as to which it shall also be necessary to determine the date from which such temporary support should have been paid.
REVERSED.
HAZOURI and MAY, JJ., concur.
NOTES
[1] Although the final judgment of dissolution of marriage made reference to unpaid temporary support predating the final judgment, it failed to make any disposition of that issue, saying instead:

"Any unpaid amounts of either temporary spousal or temporary child support pursuant to the `Order on the Wife's Motion for Temporary Relief' dated December 21, 1999, shall remain outstanding until paid, and the Court reserves jurisdiction to enforce same."