858 So.2d 1165 (2003)
Richard A. CONTE, Appellant/Cross-Appellee,
v.
Mary Beth CONTE, Appellee/Cross-Appellant.
Nos. 2D02-4419, 2D03-556.
District Court of Appeal of Florida, Second District.
November 7, 2003.
*1166 Joryn Jenkins of Joryn Jenkins & Associates, Tampa, for Appellant/Cross-Appellee.
Allison M. Perry of Law Office of Allison M. Perry, P.A., Tampa, for Appellee/Cross-Appellant.
STRINGER, Judge.
In case number 2D02-4419, Richard A. Conte, the Former Husband, filed an appeal seeking review of the final judgment on issues involving the minor child and child support. Mary Beth Conte, the Former Wife, cross-appealed the final judgment on issues involving child support. In case number 2D03-556, the Former Husband filed an appeal seeking review of the order awarding the Former Wife attorney's fees and costs, and the Former Wife cross-appealed this same order. Because the trial court erred in failing to address the issue of outstanding temporary support in the final judgment in case number 2D02-4419, we reverse and remand for reconsideration of this issue. We affirm the remainder of the issues raised by both parties in both cases without comment.
During the course of the proceedings, the Former Wife had primary residential care of the parties' five-year-old son. In September 2000, the parties entered into a mediation agreement requiring the Former Husband to pay the Former Wife $3000 per month in unallocated family support beginning on October 1, 2000. In July 2001, the court entered an order reducing the Former Husband's support payment to $1500 per month. The Former Husband filed a motion for reduction or termination of temporary support in October 2001. In January 2002, the Former Wife filed a contempt motion seeking unpaid temporary support from August 2001. The court ordered that the two motions would be addressed at the final hearing.
At the July 2002 final hearing, the Former Wife testified that the Former Husband made his last support payment to her in August 2001. The Former Husband testified that he had too many other financial obligations to pay child support. The court agreed to rule on the temporary support issue in the final judgment, but the final judgment does not address temporary support or reserve jurisdiction for consideration of that issue.
"Nonpayment of temporary child support and alimony during the pendency of a dissolution action should be addressed at the final hearing so that the trial court may fix the amount of any prejudgment arrearage and, if necessary, make an appropriate adjustment in the distribution of assets and liabilities in the final judgment." Sims v. Sims, 846 So.2d 1188, 1188 (Fla. 4th DCA 2003). Once a court enters a final judgment, temporary support orders are no longer enforceable unless a claim for arrearages is addressed in the final judgment or the court reserves jurisdiction to consider the claim. Id. at 1188-89; Scott v. Scott, 643 So.2d 1124, *1167 1127 (Fla. 4th DCA 1994). Accordingly, we reverse and remand with directions for the trial court to address the issue of nonpayment of temporary support in the final judgment. The final judgment in case number 2D02-4419 and the order awarding the Former Wife attorney's fees in case number 2D03-556 are otherwise affirmed.
Reversed and remanded.
FULMER and DAVIS, JJ., concur.