PER CURIAM.
 

 The appellant filed this appeal seeking review of a “Final Judgment of Dissolution of Marriage,” which had been modified by an “Order on Former Wife’s Amended Motion for Rehearing.” The trial court dissolved the parties’ marriage and resolved most of the issues in the case, including establishing a parenting plan for two of the parties’ minor children. As to the third child, however, the order directed a “reunification Parenting Plan that will be based on the report and recommendations of Dr. Stephen Bloomfield.” The order did not determine a time-sharing schedule for the third child and no subsequent order adopting a parenting plan for the third child has been filed in this case.
 

 The issue of time sharing is integrally related to other issues concerning the parties minor children.
 
 See Ward v. Bragg,
 
 957 So.2d 670 (Fla. 1st DCA 2007). A judgment that reserves jurisdiction over an integrally related issue is not a final appealable order.
 
 See id.; Hoffman v. O’Connor,
 
 802 So.2d 1197 (Fla. 1st DCA 2002);
 
 T.H. v. Department of Children and Families,
 
 736 So.2d 126 (Fla. 1st DCA
 
 *111
 
 1999). Similar to the orders on appeal in
 
 Ward, Hoffman,
 
 and
 
 T.H.,
 
 the instant order is not final because it failed to dispose of an integrally related issue. Therefore, the appeal is premature. Fla. R.App. P. 9.110(Z).
 

 The appeal is DISMISSED without prejudice to appellant’s right to file a timely notice of appeal upon rendition of a final order.
 

 WEBSTER, HAWKES and THOMAS, JJ., concur.