SILBERMAN, Chief Judge.
Mohamed El Gohary, the Husband, seeks review of a “Final Judgment of Dissolution” that dissolves the parties’ marriage, establishes the minor child’s primary physical residence, and sets forth a temporary timesharing plan. Because the final judgment was, in fact, not a final order, we dismiss the appeal for lack of jurisdiction based on the Husband’s failure to file the notice of appeal within thirty days of rendition of the order.
The parties were married in Tampa in January 2004 and eventually settled in Oklahoma. In August 2008, four months after the minor child was born, the Wife left the Husband and returned to Florida with the child. Upon establishing residency, the Wife filed a petition for dissolution of marriage in Florida. Because the Husband and the marital property are in Oklahoma, the Wife did not request equitable distribution, alimony, or child support.
In addition to dissolving the parties’ marriage, the trial court’s order establishes the child’s primary physical residence with the Wife and sets forth a timesharing plan. The court specified that because the Husband had minimal contact with the child, a six-month trial period for visitation would be implemented. The court ordered supervised visitation in Florida once a month and weekly video calls. The court structured the plan as a temporary plan that the court would revisit after six months with the goal of eventually implementing a long-distance parenting plan. By so providing, the court intended to save the parties from having to file a petition to modify which would entail paying a filing fee and proving a substantial change in material circumstances.
The court’s order was filed on July 7, 2010. Apparently unhappy with the temporary timesharing plan, the Husband filed a motion for rehearing. The court entered an order denying the motion on October 19, 2010, and the Husband filed a notice of appeal on November 16, 2010.
The Wife argues that the notice of appeal was untimely because it was filed beyond the thirty-day period for filing a notice of appeal of nonfinal orders set forth in Florida Rule of Appellate Proce *357 dure 9.130(b). The Husband acknowledges that he was required to file a notice of appeal within thirty days of rendition of the order, but he relies on the thirty-day time period for filing a notice of appeal of final orders set forth in Florida Rule of Appellate Procedure 9.110(b). He argues that, under Florida Rule of Appellate Procedure 9.020(h), rendition of the “final judgment” was tolled by his motion for rehearing. Rule 9.020(h) provides for the tolling of rendition when “a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion ... for rehearing.” (Emphasis added.)
The crux of the issue regarding the timeliness of the Husband’s notice of appeal is whether the “Final Judgment of Dissolution” is a final order or a nonfinal order. Final appealable orders include partial final judgments that fall within two categories: (1) those which dispose of a separate and distinct part of the litigation, and (2) those which dispose of an entire case as to a party. Shepardson v. Shepardson, 820 So.2d 360, 361 (Fla. 1st DCA 2002). However, an order that purports to be a final judgment of dissolution but fails to dispose of integrally related issues is nonfinal. See id. at 362; Hoffman v. O’Connor, 802 So.2d 1197, 1197 (Fla. 1st DCA 2002).
We conclude that the Final Judgment of Dissolution in this case is not a final order because it fails to dispose of the integrally related issue of visitation. See Moore v. Moore, 50 So.3d 110, 110 (Fla. 1st DCA 2010) (holding that a final judgment of dissolution that dissolved the parties’ marriage and resolved most of the issues but reserved jurisdiction to enter a parenting plan for one of three minor children was nonfinal); Ward v. Bragg, 957 So.2d 670, 670-71 (Fla. 1st DCA 2007) (holding that an order modifying a child custody award was “nonfinal because it reserved jurisdiction to consider the integrally related issue of visitation”).
Because the Final Judgment of Dissolution was not a final order, the Husband’s motion for rehearing did not toll its rendition. Thus, the notice of appeal was not timely filed, and we must dismiss the appeal for lack of jurisdiction. Of course, the Husband will be able to seek appellate review once the trial court enters the final order for which it reserved jurisdiction or such nonfinal orders that are appealable under rule 9.130.
Appeal dismissed.
CASANUEVA and MORRIS, JJ., Concur.