ALTENBERND, Judge.
Cristen Rivard Peterson appeals a “Final Judgment of Dissolution” of his marriage to Lori Ann Peterson. He raises several issues, primarily complaining that the trial court did not make specific findings with respect to equitable distribution and alimony. Although we can empathize with the trial court’s frustration in this case, we conclude that it has not finished its work and that the “final judgment” is not a final appealable order. Accordingly, we must dismiss this appeal and require the trial court to enter a final order.
The parties married in 1988 and have three children, all of whom were minors at the time of the final judgment. They separated in 2005 and filed this dissolution proceeding in 2007. After the action had been pending for two years, the trial court entered a partial final judgment that granted dissolution without resolving any other issues.
The parties finally tried this case in 2010. As to most financial issues, the trial court expressed its difficulty in reaching a decision, explaining:
As conceded by counsel for both parties, determination of the actual financial circumstances of the parties, inclusive of assets, liabilities, incomes and expenses is extremely problematic. The evidence presented, especially with regard to the Husband’s business dealings and holdings, both during the marriage and post-filing, lacked any degree of clarity and certainty sufficient to enable this Court to make definitive findings. Compounding this difficulty is the fact that the Court found that the testimony of the parties, and to a slightly lesser extent, that of their witnesses, does not warrant any significant degree of credibility or reliability. Most significantly, the Court found the testimony of the Husband with regard to his business interests, their timing, their status, and their financial details to be entirely inconsistent and in conflict with the evidence of his actual circumstances and activities, not to mention common sense and sound business judgment. To be fair, the Court found the testimony of the Wife to be just as unreliable when it came to her own financial circumstances, but her general lack of knowledge as to the Husband’s financial and business dealings, as understandable as it might be, left the Court with very little basis for gleaning the truth.
The trial court understandably did not wish to harm the children of this marriage or unduly prejudice the wife. In the “final” order, the court retained jurisdiction to address the parenting plan and all matters pertaining to the minor children in a separate order.
The trial court largely abandoned any effort to accurately identify various business assets and declared that each party is “deemed to own one-half of such interests, regardless of their value.” It further explained that “[i]f the Wife’s equal ownership leads to an interest in valuable patents, profits, or corporate interests not contemplated by the Husband by virtue of the timing of his activities, so be it.” The court recognized that this vague outcome “will lead to more litigation and related expense between the parties.”
Because the trial court had concerns about Mr. Peterson’s credibility, it decided that he probably earned $150,000 annually, but retained jurisdiction to make a decision about alimony in the future. It also reserved jurisdiction to decide all matters pertaining to attorneys’ fees and costs. In fairness to the trial court, we note that it did manage to make a decision about the *852 distribution of the family cars and to resolve child support issues.
“[A]n order that purports to be a final judgment of dissolution but fails to dispose of integrally related issues is nonfi-nal.” El Gohary v. El Gohary, 76 So.3d 355 (Fla. 2d DCA 2011). In this case, Mr. Peterson moved for rehearing and filed his notice of appeal more than thirty days after the entry of the order on appeal. Given that the trial court decided the issue of dissolution in an earlier order and that the order on appeal does not decide the parenting plan, alimony, attorneys’ fees, or costs and provides only a basic theory for equitable distribution, we conclude that this order, despite its title, is a nonfinal order that has not been timely appealed. See El Gohary, 76 So.3d 355.
By dismissing this appeal, we emphasize that we take no action that affects the order on appeal. As a nonfinal order, it has been in effect at all times during this appeal. The trial court can modify this order on remand as it sees fit in fashioning a final judgment. If the trial court concludes that the evidence necessary to make its decisions is in the control of Mr. Peterson and that he has not made that evidence available to allow the court to make a detailed decision, the trial court may have no option but to rely on the type of analysis used in any other case where evidence is lost or destroyed.
Appeal dismissed.
VILLANTI and MORRIS, JJ., Concur.