NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STANLEY PANOPOULOS,                )
                                   )
            Appellant,             )
                                   )
v.                                 )        Case No. 2D13-5234
                                   )
MARIA M. PANOPOULOS,               )
                                   )
            Appellee.              )
                                   )

Opinion filed January 23, 2015.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Pasco County;
Daniel D. Diskey, Judge.

John A. Shahan, Tarpon Springs, for
Appellant.

Johnny D. Drizis of Law Office of Johnny D.
Drizis, Clearwater, for Appellee.

PER CURIAM.

        In this appeal, Michael Panopoulos, Former Husband, challenges an

award of durational alimony to Maria Panopoulos, Former Wife.  Because the relevant

order was not timely appealed, we dismiss this appeal for lack of jurisdiction.

        Former Wife petitioned for dissolution of her twenty-three-year marriage to

Former Husband.  In a highly unusual procedure, the circuit court trifurcated the

dissolution proceedings.[1]  The circuit court first dissolved the marriage by an order not on appeal.  It then separated the remainder of the proceedings by purporting to address "all financial issues" first: it entered the appealed-from "partial final judgment" on those issues, while reserving on timesharing and child support for the parties' minor children.  In her petition, Former Wife sought retroactive alimony which the court denied; however, in its "partial final judgment," it awarded alimony to be paid starting on October 1, *2012*.  The parties agreed that there was a scrivener's error and decided to contact the judge's judicial assistant, rather than filing a motion for rehearing, recognizing the date in the order should have been October 1, *2013*.  The court issued an amended order that corrected the error.  Former Husband filed his notice to appeal that order on October 23, 2013.

Former Husband's notice of appeal was not timely.  The initial order was rendered on September 18, 2013.  The order was amended to correct the scrivener's error in a date and the amended order was rendered on October 14, 2013.  The notice of appeal was filed on October 23, 2013.  Accordingly, the notice was timely filed from the corrected order but untimely as filed from the initial.  See Fla. R. App. P. 9.130(b) (stating that a notice of appeal must be filed within 30 days of rendition of the order to be reviewed).  The timing of the filing of the notice of appeal is a jurisdictional matter.  El Gohary v. El Gohary, 76 So. 3d 355, 356-57 (Fla. 2d DCA 2011).  The case law is clear that where a judgment is amended to correct only a scrivener's error, the time for appeal

---

[1]It is an exceptional dissolution proceeding in which bifurcation is a good idea.  A trial court should not bifurcate proceedings unless "it is clearly necessary for the best interests or their children."  Claughton v. Claughton, 393 So. 2d 1061, 1062 (Fla. 1980).  This trifurcation is even more unusual.

is not tolled and instead is counted from the date of the initial order. See Commonwealth Land Title Ins. Co. v. Freeman, 884 So. 2d 164, 168 (Fla. 2d DCA 2004) ("When a party wishes to challenge a judgment by motion or appeal, the time to challenge the judgment runs from the original judgment unless an amendment changes or clarifies a matter of substance." (citing St. Moritz Hotel v. Daughtry, 249 So. 2d 27 (Fla. 1971))). In this case, the amendment of the judgment was solely to correct an error in a date and did not effect a substantive change. Accordingly, the time to appeal from the order in this case commenced September 19, 2013, the day after the first order was rendered. See Fla. R. Jud. Admin. 2.514(a)(1)(A). The filing of the notice of appeal was October 23, over thirty days later. Thus, the appeal was untimely and we are without jurisdiction to entertain it. Fortunately for Former Husband, due to the unusual proceedings in this case, the issues raised in this appeal will likely be within the scope of review of an appeal from a final order of dissolution. See Fla. R. App. P. 9.110(h) ("The court may review any ruling or matter occurring before filing of the notice.").

Appeal dismissed.

ALTENBERND, NORTHCUTT, and CRENSHAW, JJ., Concur.