NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SERGIO HARITOS, )
)
      Appellant, )
)
v. )    Case No. 2D15-2456
)
THEODORA HARITOS n/k/a THEODORA )
KAMPOURAKI, )
)
      Appellee. )
                                  )

Opinion filed June 15, 2016.

Appeal from the Circuit Court for Pinellas
County; Patricia A. Muscarella, Judge.

O. George Bamis and Nancy S. Paikoff of
Macfarlane Ferguson & McMullen,
Clearwater, for Appellant.

Steven J. Glaros of Steven J. Glaros and
Associates, Tampa, for Appellee.


MORRIS, Judge.

        Sergio Haritos, the former husband, appeals a final judgment denying his

petition for modification of final judgment of dissolution and an order denying his motion

to modify temporary support order.  Because a final judgment was never entered

disposing of the financial aspects of the parties' dissolution, we reverse the trial court's

orders and remand for further proceedings.

I. Background

The parties married in 1998. They have one child together, born in 2001. The former wife, Theodora Haritos, filed a petition for dissolution in October 2009. A temporary support order was entered requiring the former husband to pay $300 per week to the former wife. The order did not designate the support as child support or alimony. In June 2013, the general magistrate entered a report and recommendation dissolving the marriage but reserving jurisdiction "to address all issues other than and in addition to dissolution of marriage." The report and recommendation stated that no equitable distribution or child-support issues would be addressed at the time because the proceeding was "bifurcated to address only dissolution of marriage." The trial court adopted the report and recommendation of the general magistrate in a final judgment entered the same day.

In February 2014, the former husband filed a pro se petition to modify child support. A hearing was held before a child support hearing officer on October 1, 2014, and the hearing officer entered a report that same day recommending denying the former husband's petition. The trial court approved the hearing officer's report and recommendation. On October 24, 2014, the former husband, through counsel, filed another petition for modification of final judgment of dissolution of marriage, seeking to modify the support he pays to the former wife. On May 1, 2015, he also filed a motion to modify temporary support order.

A hearing was held before a hearing officer on May 6, 2015. The hearing officer recommended that the former husband's petition for modification be denied because the former husband had not proven a substantial change of circumstances

from the final judgment. The trial court approved and adopted the hearing officer's findings in a final judgment on May 7, 2015. That same day, the trial court denied as moot the former husband's motion to modify temporary support. The former husband appeals both orders.[1]

II. Analysis

The former husband argues on appeal that the trial court erred in concluding that a final judgment had been entered in the parties' initial dissolution proceeding. He contends that the final judgment of dissolution entered in June 2013 was not a final order on the issues of equitable distribution, child support, and alimony and that he was entitled to a final hearing on those issues. The former husband also argues that the hearing officer and the trial court did not have jurisdiction to modify a final judgment of child support because no final judgment had ever been entered.

The June 2013 final judgment of dissolution was a partial final judgment insofar as the marital status of the parties was concerned. See Galbut v. Garfinkl, 340 So. 2d 470, 473 (Fla. 1976); Bland v. Bland, 971 So. 2d 210, 212 (Fla. 5th DCA 2007); Shepardson v. Shepardson, 820 So. 2d 360, 361 (Fla. 1st DCA 2002). But the judgment was not final as to other issues, such as equitable distribution and child support, which the trial court clearly intended to determine at a later date. See generally Claughton v. Claughton, 393 So. 2d 1061, 1062 (Fla. 1980) (recognizing that trial court

---

[1]The order denying the former husband's motion to modify temporary support is appealable as a nonfinal order determining the right to immediate monetary relief in family law cases. See Fla. R. App. P. 9.130(a)(3)(C)(iii)(a). The final judgment approving the hearing officer's report and recommendation is, on its face, appealable as a final order. See Fla. R. App. P. 9.030(b)(1)(A). However, as our opinion explains, no final judgment on the financial issues was ever entered in the parties' dissolution.

has authority to bifurcate dissolution proceedings by granting "final dissolution with a reservation of jurisdiction to subsequently determine property, custody, and support issues," but cautioning that such a practice "can cause multiple legal and procedural problems which result in delay and additional expense to the litigants"). The former husband was entitled to a final determination on those other issues.

The former wife argues that the former husband could have appealed the final judgment entered in June 2013, suggesting that the temporary support order was merged into the final judgment and that he could have challenged the temporary support order on appeal of that judgment. This doctrine of merger was discussed by the hearing officer at the October 2014 hearing:

> That final judgment incorporated the temporary relief orders. And as far as I'm concerned, by incorporating them, it made it as part of a final judgment.
> It says, jurisdiction to reserve to address [sic] all issues, which means simply they can readdress it, but the temporary relief orders in effect at the time of this hearing shall continue until further order of this court and are not extinguished by this final judgment.
> It could be argued that they're still temporary orders but they were incorporated into a final judgment. As far as I'm concerned, they're a final judgment.

After the hearing, the hearing officer entered an order finding that the June 2013 final judgment had incorporated the temporary support order. At the second hearing before the same hearing officer in May 2015, the hearing officer again indicated his belief that the temporary order merged into the final judgment.

But the doctrine of merger does not apply to the June 2013 final judgment dissolving the marriage. The judgment stated that it was only dissolving the marriage and was reserving jurisdiction on all other issues, and it specifically stated that the

"[t]emporary relief orders in effect . . . shall continue until further order of this Court and are not extinguished by this [f]inal [j]udgment." Therefore, the temporary support order continued and was not merged into the final judgment. See D'Angelo v. D'Angelo, 570 So. 2d 1094, 1094-95 (Fla. 4th DCA 1990) (holding that temporary relief order did not merge into final judgment where final judgment specifically stated that temporary relief order will continue and trial court reserved jurisdiction to enforce temporary relief order).

The hearing officer also found that by going forward on his petition to modify at the May 2015 hearing, the former husband waived any argument that the June 2013 judgment was not final as to the support issues.[2] And the former wife argues

_____

[2]At the May 2015 hearing, the hearing officer told the former husband's counsel that if he decided to go forward on the petition for modification, the former husband would get a final judgment of support "one way or another." When counsel asked the hearing officer to consider the motion to modify temporary support, arguing that a final judgment was never entered on that issue, the hearing officer stated that the former husband would have to decide whether he wanted the hearing officer to consider the petition to modify or let the trial court "deal with the temporary issues." The hearing officer stated that if the former husband followed through with the petition to modify, the former husband was "acquiescing to getting a final judgment" and then the temporary order of support would be merged into that final judgment. (We note that this was inconsistent with the hearing officer's earlier-stated belief that the temporary support order had already been merged into the June 2013 final judgment.) The hearing officer told the former husband that he would not get two bites at the apple by having the hearing officer consider the petition and the trial court consider the motion. The hearing officer indicated that the trial court would probably send the motion to modify temporary support to him to decide anyway. The former husband's counsel then decided to proceed on his petition for modification.

We note that at the time the former husband filed his first petition to modify in February 2014, he was pro se. He hired counsel to represent him at a hearing on October 2, 2014, but that counsel was permitted to withdraw at that hearing and the former husband continued pro se. The hearing officer informed the former husband that the final judgment of June 2013 was final as to the support issues, and the hearing officer entered an order to that effect in October 2014, which was approved by the trial court. It was then that the former husband obtained counsel to file a new petition for modification and, in the alternative, a motion to modify the temporary support order.

It is clear from our review of both hearings that both parties and the hearing officer were confused about the finality of the dissolution proceedings and that

-5-

that by filing his petitions to modify, the former husband agreed that the June 2013 judgment was final as to support.

The former husband did not waive his right to a final hearing on the support issues by filing his two petitions for modification. The trial court's subject matter jurisdiction to rule on the issues of child support and alimony is set forth in sections 61.13 and 61.14, Florida Statutes (2010-2014). These statutes provide when *final* support orders may be modified. See §§ 61.13(1)(a)(2), .14(1)(a); see also Overbey v. Overbey, 698 So. 2d 811, 813 (Fla. 1997) ("Generally, under [sections 61.13 and 61.14], a fundamental prerequisite to bringing an action to modify child support payments is a showing of substantial change of circumstances."); Kuttas v. Ritter, 879 So. 2d 3, 5 (Fla. 2d DCA 2004). The statutes also provide when *temporary* support orders may be modified: "A court may, upon good cause shown, and without a showing of a substantial change of circumstances, modify, vacate, or set aside a temporary support order before or upon entering a final order in a proceeding." § 61.14(11)(a). Because the trial court's jurisdiction to rule on support issues at different stages in the proceedings is set forth by statute, the former husband could not agree that the trial court had jurisdiction to modify a final order when the trial court actually had jurisdiction to modify a temporary order. See Ruble v. Ruble, 884 So. 2d 150, 152 (Fla. 2d DCA 2004) ("Subject matter jurisdiction is conferred upon a court by the constitution or by statute and cannot be created by waiver, acquiescence or agreement of the parties.").

---

their attempt to clarify the status of the proceedings led to further confusion, resulting in this appeal.

The former wife also argues that the temporary support order was merged into the October 2014 order denying the former husband's first petition to modify. But the October 2014 order was not operating as a final order of the financial issues that had not yet been determined in the underlying dissolution. At the time that order was entered, the hearing officer was considering the issue of support under the legal standard applicable to modifications of final support orders, not under the legal standard applicable to initial determinations of support for purposes of a final support order. It is clear that the hearing officer did not intend for the October 2014 ruling to be the initial and final determination of child support arising out of the still-pending dissolution proceeding.

The former husband is entitled to be heard on the dissolution issues that were not decided by the trial court in a final order. See Garcell v. Garcell, 151 So. 3d 46 (Fla. 4th DCA 2014) (holding that wife had a due process right to be heard before a final order was entered in dissolution proceedings). The trial court erred in ruling that a final order had already been entered on the issue of child support and in denying the former husband's request to modify child support for that reason. Accordingly, we reverse the orders and remand for the trial court to consider the former husband's pleadings to modify child support under the correct standard applicable to modifications of nonfinal support orders. Both parties should take steps to resolve the underlying dissolution issues, which have been pending since 2009.[3]

Reversed and remanded.

SILBERMAN and WALLACE, JJ., Concur.

_____

[3]We note that the former wife remarried in 2014.