IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

K.C. MOTHER OF P.C.,
MINOR CHILD,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

      Petitioner,

CASE NO. 1D17-1902

v.

DEPARTMENT OF CHILDREN
AND FAMILIES,

      Respondent.

_____/

Opinion filed July 6, 2017.

Petition for Writ of Certiorari -- Original Jurisdiction.

Candice K. Brower, Regional Counsel, and Jeanne O. Conway, Assistant Regional Counsel, Office of Criminal Conflict & Civil Regional Counsel, Lake City, and Crystal McBee Frusciante, Assistant Regional Counsel, Sunrise, for Petitioner.

David Paul Krupski, Guardian ad Litem Program, Sanford; Ward L. Metzger, Children's Legal Services, Jacksonville, for Respondent.

PER CURIAM.

The Mother timely sought review by appeal of a post-disposition dependency order that granted a motion to change the permanency goal to permanent guardianship, placed the child in permanent guardianship, terminated protective supervision, and

directed the filing of a modified case plan. The order is not final because judicial labor remains to be done to achieve permanency for the dependent child. See § 39.603(1), Fla. Stat. (2017); M.M. v. Dep't of Children & Families, 189 So. 3d 134, 137 (Fla. 2016); T.H. v. Dep't of Children and Families, 736 So. 2d 126 (Fla. 1st DCA 1999). Although the order stated that the modified case plan shall be accepted and adopted by the court upon filing, a non-final order may not become final at some future date upon the happening of an event specified in the order. Ponton v. Gross, 576 So. 2d 910 (Fla. 1st DCA 1991). Pursuant to M.M., the appeal was treated as invoking the Court's certiorari jurisdiction, and the Mother was directed to file a petition.

Having considered the petition for writ of certiorari, the matter is hereby DISMISSED. Eutsay v. State, 103 So. 3d 181, 182 (Fla. 1st DCA 2012); Bared & Co. v. McGuire, 670 So. 2d 153, 157 (Fla. 4th DCA 1996) ("If petitioner has failed to make a prima facie showing of irreparable harm, we lack jurisdiction and will enter an order *dismissing* the petition."); Md. Cas. Co. v. Century Constr. Corp., 656 So. 2d 611 (Fla. 1st DCA 1995) (holding preliminary post-judgment order is not reviewable where it will culminate in a subsequent order granting or denying the relief requested and thereby offering the possibility of relief on review from the later order). The dismissal is without prejudice to the Mother's right to seek review upon entry of a final order modifying the permanency goal to permanent guardianship.

WOLF, ROWE, and KELSEY, JJ., CONCUR.