DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHELLE SHLIMBAUM,**
Appellant,

v.

**JASON M. SHLIMBAUM** and **JMS CONSTRUCTION SERVICES, INC.,**
Appellees.

No. 4D2023-1876

[September 25, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mariya Weekes, Judge; L.T. Case No. FMCE18-008923.

Curt Sanchez and Nicole Nicolette Mace of the Law Offices of Curt Sanchez, P.A., West Palm Beach, for appellant.

Richard L. Rosenbaum of Law Offices of Richard L. Rosenbaum, Fort Lauderdale, for appellees.

CONNER, J.

The wife, Michelle Shlimbaum, appeals the trial court's order which vacated prior contempt orders and money judgments on temporary support arrearages (the "support and enforcement orders"). The trial court vacated the support and enforcement orders after concluding that the orders were merged into the partial final judgment dissolving the marriage and thus became void. We agree with the wife's arguments that the trial court erred on multiple fronts. Thus, we reverse the trial court and remand for further proceedings because the merger doctrine was improperly applied.

*Background*

After both parties petitioned for dissolution of marriage, the trial court entered an agreed temporary support order directing the husband to make monthly payments of expenses as support for the wife and minor child.[1]

---

[1] The temporary support order did not differentiate between spousal support and child support.

Approximately five months after entry of the agreed support order, the wife moved for sanctions, contending the husband was violating the order. The trial court found the husband willfully failed to pay the court-ordered monthly expenses and adjudicated a substantial dollar amount as support arrearage. The order further provided the wife was entitled to a money judgment for the arrearage. Shortly thereafter, the trial court entered a final money judgment for the arrearage against two of the husband's business entities.

A month later, the trial court heard the wife's second motion for contempt and granted the motion. The trial court again found the husband willfully continued to fail to pay the court-ordered monthly expenses accruing after the first contempt hearing and willfully failed to comply with the first contempt order's enforcement provisions. The second contempt order stated the wife was entitled to a money judgment for a substantially higher amount than the first contempt order (the new amount included the amount assessed in the first contempt order).

For reasons not revealed in the appellate record, the parties decided to proceed with a final hearing dissolving the marriage without final resolution of issues of spousal and child support and equitable distribution. However, prior to the final hearing, the parties agreed to a written parenting plan resolving parental responsibility for the minor child, except for child support. As a result, the trial court entered what the parties refer to (and is titled as) a "partial final judgment." The partial final judgment reserved jurisdiction on equitable distribution, alimony, child support, and attorney's fees.

Significantly, the partial final judgment stated that the trial court declined to merge the parenting plan into the partial final judgment: "The September 17, 2020 Parenting Plan is hereby ratified, approved, and incorporated but not merged into this Final Judgment and the parties are ordered to comply with all of the terms and provisions contained therein." (Emphasis added). Notably, the parenting plan contained the following provision: "As child support has not been determined, the prior order regarding expenses remains in effect."

Several months after the trial court entered the partial final judgment, the wife filed her third motion for contempt. Subsequently, the wife filed an "urgent" motion for an interim partial equitable distribution, asserting that the husband had filed for bankruptcy to further divest himself of any assets or income with which to pay support. As a result of the wife's motions, the trial court entered a second final money judgment for the

2

substantial support arrearage determined in the second contempt order. Notably, the second money final judgment was entered <u>after</u> the partial final judgment dissolving the marriage.

Approximately two years after the trial court entered the second money judgment, the husband filed a memorandum of law arguing that the temporary support orders and enforcement orders entered before and after the partial final judgment were void and should be vacated. The memorandum argued the support and enforcement orders were merged into the partial final judgment and no longer enforceable because the partial final judgment did not incorporate the orders or reserve jurisdiction over the orders. Notably, the memorandum did not cite any procedural rule for vacating the orders. A month later, the husband filed a two-page motion to vacate any finding of contempt or money judgment pertaining to temporary support, again not citing any procedural rule.

At the hearing on the motion to vacate, the husband made the same arguments as in his memorandum of law. The wife argued the partial final judgment was not a final determination as to child support, alimony, or equitable distribution. She argued that, as a result, the temporary support and enforcement orders did not merge into the partial final judgment. The trial court, however, agreed with the husband's argument that because the partial final judgment did not specifically reserve jurisdiction as to the temporary support matters, the support and enforcement orders were extinguished by merger into the partial final judgment.

The wife timely gave notice of appeal.

*Appellate Analysis*

As noted above, the husband did not cite any procedural rule in seeking to vacate the support and enforcement orders. The trial court likewise cited no procedural rule for vacating those orders. Based on the husband's argument in his memorandum of law (that the support and enforcement orders became void when they merged into the partial final judgment) we must therefore assume the husband and the trial court travelled under Florida Family Law Rule of Procedure 12.540(b)(4). Rule 12.540(b)(4) provides that the trial court may relieve a party from a final judgment or order when the judgment or order is void. Fla. Fam. L. R. P. 12.540(b)(4).[2]

---

[2] The husband did not assert any other ground for vacating the orders allowed by rule 12.540.

"The relevant portions of [Florida Family Law Rule of Procedure] 12.540(b)(4) are identical to [Florida Rule of Civil Procedure] 1.540(b)(4), and motions filed under rule 12.540(b) are governed by the body of law applicable to rule 1.540(b)." *Sanchez v. Sanchez*, 285 So. 3d 969, 971 n.1 (Fla. 3d DCA 2019). "Where a final judgment is void . . . the trial court has no discretion and is obligated to vacate the judgment. Whether a judgment is void is a question of law reviewed de novo." *Vercosa v. Fields*, 174 So. 3d 550, 552 (Fla. 4th DCA 2015); *Sanchez*, 285 So. 3d at 972 n.4.

The wife argues on appeal that the prior support and enforcement orders did not merge into the partial final judgment, because the trial court reserved jurisdiction as to support issues, among other things, in the partial final judgment. Additionally, the wife argues that because the parties' parenting plan, which was incorporated into the partial final judgment, stated that the "prior order regarding expenses" (a reference to the prior temporary support order) remained in effect, the final judgment retained jurisdiction to enforce the prior orders. Because the trial court did not finally adjudicate support issues, she argues the trial court erred in finding merger applied to the prior support and enforcement orders. Finally, the wife argues the husband's motion to vacate was untimely because the prior support and enforcement orders are not void.

The husband argues that "the Partial Final Judgment, even reserving jurisdiction in part, became a true Partial Final Judgment for dissolution of marriage purposes." He also argues the failure to specifically incorporate prior support and enforcement orders into the partial final judgment means those orders merged into the partial final judgment and are no longer enforceable. Finally, the husband argues that because the support and enforcement orders merged into the final judgment, those orders also became "void" and subject to being vacated without any time limits.

We agree with the wife's arguments, reject the husband's arguments, and reverse for the reasons discussed below.

Generally, where a final judgment disposes of all claims in the case, temporary support orders merge into a final judgment and may not be enforced in post-judgment proceedings unless incorporated into the final judgment. *Scott v. Scott*, 643 So. 2d 1124, 1127 (Fla. 4th DCA 1994) ("It is well settled in Florida that a temporary support award which is not incorporated in the final judgment cannot be enforced by the trial court in post-judgment proceedings.").

As it relates to final judgments, the merger doctrine stands for proposition that all interlocutory orders merge into a final judgment, extinguishing the trial court's authority to enter further orders regarding the interlocutory matters. As the Second District has explained:

> It is well established that a trial court may reconsider and modify interlocutory orders at any time until final judgment is entered.

> All interlocutory proceedings, however, are merged into and disposed of by the final judgment. . . . Thus, <u>once the trial court's judgment became final in this case, its inherent authority to reconsider and modify the interlocutory protective orders appears to have ceased</u>.

*Oliver v. Stone* 940 So. 2d 526, 529 (Fla. 2d DCA 2006) (emphasis added) (citations omitted). In other words, the trial court loses jurisdiction to adjudicate matters, other than collateral matters, once an action becomes final by a judgment, including those matters that become final because of the merger doctrine.

Because the merger doctrine, as it relates to judgments, depends on the finality of the judgment, our analysis turns on which matters remained nonfinal after the partial final judgment was entered.

"A final judgment is one that not only adjudicates the merits of the cause, but that finally disposes of the pending action." *Cent. Hanover Bank & Tr. Co. v. Pan Am. Airways*, 171 So. 808, 809 (Fla. 1937); *Hollywood, Inc. v. Clark*, 15 So. 175, 179 (Fla. 1943) ("[A] final decree is, generally speaking, one that determines the rights of the parties and disposes of the cause on its merits, leaving nothing more to be done *in the cause* as distinguished from *beyond the cause*—which latter phrase apparently refers, ordinarily at least, to such further proceedings and orders as may be necessary to enforce the decree . . . ."). "As a general rule, a final judgment is deemed to be rendered, almost as a matter of definition, only when the court has disposed of the entire controversy in question." *Del Castillo v. Ralor Pharmacy, Inc.*, 512 So. 2d 315, 318-19 (Fla. 3d DCA 1987). Notably, a reservation of jurisdiction renders the reserved matter interlocutory and generally makes the judgment interlocutory as well. *Saul v. Basse*, 399 So. 2d 130, 133 (Fla. 2d DCA 1981).

Of course, a judgment may be appealable even if it does not decide all issues in a case. Florida Rule of Appellate Procedure 9.110(k) specifically

authorizes appeals from partial final judgments.  Rule 9.110(k) defines a partial final judgment as either a judgment that disposes of an entire case as to a party or "<u>one that disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims</u>."  *Id.* (emphasis added).  Additionally, a judgment may, as is the case here, be appealable as nonfinal order.  *See* Fla. R. App. P. 9.130(a)(5) (authorizing the appeal of "[o]rders entered on an authorized and timely motion for relief from judgment").

Trial courts presiding over dissolution of marriage actions sometimes employ a so-called "split procedure" where the parties wish to quickly dissolve the marriage for various reasons but are not prepared to address all related issues arising from the marriage, which may include parental responsibility, timesharing, financial support of children, spousal support, and equitable distribution.  In such settings, the order dissolving the marriage is final and the remaining portions of the proceeding are nonfinal.  In *Claughton v. Claughton*, 393 So. 2d 1061 (Fla. 1980), the supreme court recognized this procedure but cautioned trial courts against employing it:

> [W]e believe trial judges should avoid this split procedure.  The general law and our procedural rules at both the trial and appellate levels are designed for one final judgment and one appeal.  Splitting the process can cause multiple legal and procedural problems which result in delay and additional expense to the litigants.  This split procedure should be used only when it is clearly necessary for the best interests of the parties or their children.

*Id.* at 1062.  Indeed, the "split procedure" complicates the application of the merger doctrine to partial final judgments.[3]  Close attention must be paid to which matters are adjudicated with finality in the judgment and which matters remain nonfinal.

In a dissolution setting, a judgment may resolve only the parties' marital status with finality, leaving the remaining portions of the case nonfinal.  *See Galbut v. Garfinkel*, 340 So. 2d 470, 473 (Fla. 1975) (determining the partial judgment of dissolution of marriage and reserving

---

[3] This case is a prime example of the reason why the supreme court had issued its cautionary warning about a "split procedure" in dissolution cases.  We are, however, cognizant that practical reasons may justify a trial court bifurcating the proceeding in some dissolution cases.  Ultimately, we do not reach this issue on appeal because neither party has argued that the trial court erred in bifurcating the proceeding.

as to the remaining issues was "final insofar as the marital status of the parties is concerned"); *Haritos v. Haritos*, 193 So. 3d 1050, 1052 (Fla. 2d DCA 2016) (holding a "final judgment of dissolution was a partial final judgment insofar as the marital status of the parties was concerned").

Issues not adjudicated with finality remain nonfinal.[4] *See, e.g., Moore v. Moore*, 50 So. 3d 110, 110 (Fla. 1st DCA 2010) (dismissing as premature an appeal of a judgment dissolving the marriage and resolving most issues except for the timesharing and parenting plan for a third child; holding the judgment did not constitute a final appealable order because the issues upon which jurisdiction was reserved were "integrally related" to issues that had been purportedly adjudicated with finality); *see also T.H. v. Dep't of Children & Families*, 736 So. 2d 126, 126 (Fla. 1st DCA 1999) (dismissing as nonfinal an order which purported to address certain matters but reserved jurisdiction on an integrally related matter); *Hoffman v. O'Connor*, 802 So. 2d 1197, 1197-98 (Fla. 1st DCA 2002) ("While the order appears final as to the issues addressed, the reservation of jurisdiction over related claims necessarily renders the order nonfinal."). As stated above, the merger doctrine only applies to matters that have been adjudicated to finality. The merger doctrine does not apply to interlocutory matters. *See Haritos*, 193 So. 3d at 1053 (rejecting the wife's merger argument because the trial court had not yet issued a final order on certain financial issues).

In this case, the sole issue adjudicated with any degree of finality was the dissolution of the parties' marital status and parental responsibility for the minor child, except child support.[5] *Galbut*, 340 So. 2d at 473; *Haritos*, 193 So. 3d at 1052. Yet the husband's arguments are conclusory and do not address matters resolved with finality. Instead, the husband's arguments focus on matters that remained unequivocally unresolved. In

---

[4] We recognize that dissolution caselaw frequently uses the term "partial final judgment" when discussing judgments dissolving a marriage but reserving jurisdiction as to some or all related issues of financial support and equitable distribution. *See Bland v. Bland*, 971 So. 2d 210, 212 (Fla. 5th DCA 2007). From time to time, such appeals are dismissed as premature. *See id.*; *El Gohary v. El Gohary*, 76 So. 3d 355 (Fla. 2d DCA 2011); *Klein v. Klein*, 551 So. 2d 1235 (Fla. 3d DCA 1989).

[5] Because the parties do not argue the issue, we do not address whether the parenting plan was "integrally related" to child support, rendering the parenting plan interlocutory. *See Moore*, 50 So. 3d at 110. We also decline to decide whether the parenting plan incorporated into the partial final judgment is appealable under Florida Rule of Appellate Procedure 9.110(k).

reserving jurisdiction, the trial court specifically declined to decide, among other things, matters of spousal and child support, much less decide those matters with finality. *See Moore*, 50 So. 3d at 110; *Hoffman*, 802 So. 2d at 1197-98.

The partial final judgment approved and incorporated the agreed parenting plan, which specifically stated that "the prior order regarding expenses remains in effect." More importantly, the partial final judgment specifically reserved jurisdiction to enter "further Orders as may be necessary to enforce the provisions of this Final Judgment and its incorporated Parenting Plan and to address equitable distribution, alimony, child support and attorney's fees and as otherwise provided by law." (Emphasis added). Additionally, the partial final judgment stated the parenting plan was not merged into "this Final Judgment and the parties are ordered to comply with all of the terms and provisions contained therein."

Having reviewed the partial final judgment, we determine that the language reserving jurisdiction, and stating the parenting plan was not merged, sufficiently incorporated the interlocutory support and enforcement orders. *See Scott*, 643 So. 2d at 1127. Thus, we conclude the trial court erred in determining the support and enforcement orders merged into a final judgment. Because the support and enforcement orders were not merged into the judgment dissolving the marriage, the support and enforcement orders (including the two final money judgments) did not become void upon the entry of the partial final judgment.

Rule 12.540 is designed to provide relief from final judgments and final orders. *See* Fla. Fam. L. R. P. 12.540(b) ("On motion and on such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding[.]"). Thus, the support and enforcement orders (excluding the final money judgments of the arrearages) were not subject to rule 12.540(b) relief because those orders were nonfinal.

Furthermore, even if relief under rule 12.540 were appropriate for interlocutory matters, the husband's motion was untimely. Under rule 12.540(b), a motion to vacate is untimely if filed more than one year after the judgment or order was entered, unless the judgment or order is void. Fla. Fam. L. R. P. 12.540(b)(5). As we have determined, the support and enforcement orders (including the final money judgments on the support

arrearages,[6] which had all the hallmarks of finality) were not void.  Thus, the motion to vacate was untimely as to all the support and enforcement orders which the husband had sought to render unenforceable.  *Id.*

*Conclusion*

Accordingly, we hold that the trial court erred in concluding that (1) the support and enforcement orders and money judgments entered thereon were merged into the partial final judgment dissolving the marriage; (2) the support and enforcement orders and money judgments entered thereon were void due to the merger doctrine; and (3) the motion to vacate the support and enforcement orders and money judgments entered thereon should be granted.  We therefore reverse the order vacating the support and enforcement orders and money judgments entered thereon, and we remand for further proceedings consistent with this opinion.

*Reversed and remanded with instructions.*

GERBER and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

[6] As to the final money judgment issued <u>after</u> the partial final judgment, at the time of its entry, the trial court presumably considered that it had jurisdiction over the matter.

9