FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2024-1487
_____

JENNIFER PETRANDIS, Former
Wife,

    Appellant,

    v.

THOMAS MARK PETRANDIS,
Former Husband, and ANGELO
AND SON'S TROPICAL TRADER
SHRIMP COMPANY, LLC,

    Appellees.

_____

On appeal from the Circuit Court for Wakulla County.
J. Layne Smith, Judge.

April 23, 2025

PER CURIAM.

    Jennifer Petrandis appeals the trial court's "Final Judgment of Dissolution of Marriage." Noting that the appealed order does not appear to be a final order, or a nonfinal order appealable under Florida Rule of Appellate Procedure 9.130, because it does not complete judicial labor concerning the issue of child support, we ordered Appellant to show cause why the appeal should not be dismissed. In response, Appellant stated that we can consider the judgment to be an appealable partial final judgment as to the remaining issues to review her claims relating to alimony, unpaid

temporary support, and attorney's fees and costs. We disagree. Florida Rule of Appellate Procedure 9.110(k) authorizes review of partial final judgments but provides that "[a] partial final judgment, other than one that disposes of an entire case as to any party, is one that disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims." We are not authorized to take appellate jurisdiction as to some of the issues for a piecemeal determination when the claims are interrelated as in this dissolution of marriage case. *See El Gohary v. El Gohary*, 76 So. 3d 355, 357 (Fla. 2d DCA 2011) ("[A]n order that purports to be a final judgment of dissolution but fails to dispose of integrally related issues is nonfinal . . . We conclude that the Final Judgment of Dissolution in this case is not a final order because it fails to dispose of the integrally related issue of visitation."); *Moore v. Moore*, 50 So. 3d 110, 110—11 (Fla. 1st DCA 2010) (dismissing the appeal upon determining that the final judgment of dissolution of marriage was not a final order because it failed to dispose of an integrally related issue, *i.e.*, time-sharing for one of the three children). Therefore, the appeal is dismissed for lack of jurisdiction.

DISMISSED.

LEWIS, RAY, and M.K. THOMAS, JJ., concur.

––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––

Shannon L. Novey, Christin F. Gonzalez, Jerome M. Novey, and Sarah Faye Carter of Novey+Gonzalez, Tallahassee, for Appellant.

John C. Kenny of Law Offices of John C. Kenny, P.A, Tallahassee, for Appellee Thomas Mark Petrandis.

2